Opinion by
Mr. Justice Day.
Plaintiff in error, who will hereinafter be referred to as the father, challenges the correctness of the order of the trial court which modified the provisions of a divorce decree as it related to child support.
The sole question for our determination on this writ, of error is: Was there such a change in circumstances — as shown by the particular facts in this case — as to support the court’s action?
When the parties were divorced, they entered into an agreement concerning child support as of the time of the entry of the decree and also for the future. This agreement was adopted by the court and made a part of the decree of divorce, wherein was used the identical language contained in the contract between the parties. Pertinent to the question presented by this writ of error is a paragraph in the agreement and in the decree which provided a formula for arriving at the support payments to be made by the father based upon a percentage of his annual gross taxable income as shown by his yearly tax return.
The formula was operative for more than ten years. During this period of time the father’s income increased, and, in turn, his annual support payments were also increased commensurately, by virtue of the percentage ratio as provided in the formula.
In 1963, the mother filed a petition to modify the decree, in which she alleged a change of circumstances. The court, after hearing, found that the father’s income had increased — and this is not disputed — made a further finding that the support payments as provided in the decree were “inequitable,” that the children had grown in age — also a fact not disputed — and that, therefore, their needs had increased proportionately. It ordered the father to pay $195 per month for child sup *531 port for three children until further order of the court.
The defendant in error, hereinafter referred to as the mother, has filed cross-error. She now claims that the court order for child support is insufficient and alleges that the father should be made to pay at least $350 per month.
The evidence at the hearing revealed that the children were being cared for by an independently wealthy mother. They were attending expensive private schools both at home and abroad, and, in addition, she provided them with many luxuries. At the time of the entry of the original decree, there was no attempt to gear the formula for the payment of support money to the amount of money the mother intended to spend on the children; for even at that time, as well, she was possessed of considerable property. The purpose in having the court retain jurisdiction over the matter of support was to meet the contingency that at some future time the mother might not have the funds to provide for her children. The mother agreed to the formula and was fully cognizant as to how it would operate in the future. By use of the formula, the father was already paying support based on his increased earnings at the time of the hearing for modification.
The divorce decree, therefore, by its terms anticipated the very change in circumstances upon which the court at the modification hearing based its new order. Accordingly, we hold that such a change in circumstances cannot support a later decree of the court modifying the original decree. Where the alleged change in the circumstances of the parties is one that the trial court anticipated and made allowance for when entering the original decree, such change is not a ground for a modification of the decree. See Annot., 18 A.L.R.2d 1021.
The court also entered an order providing for the father to pay attorney fees for the mother. This order cannot stand in view of the favorable financial condition of the mother. The purpose of providing an *532 allowance for attorney fees is to place the wife on an equal footing with the husband. Tower v. Tower, 147 Colo. 480, 364 P.2d 565. See also Newey v. Newey, 161 Colo. 395, 421 P.2d 464.
The order of the trial court is vacated and held for naught and the cause remanded with directions to reinstate the provisions for support payments in accordance with the tenor of the original decree.
Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Pringle concur.