No. 22187.

RAYMOND F. ELMER *v.* MILDRED L. ELMER.

(431 P.2d 470)

Decided September 5, 1967.

NAPHEYS and NAPHEYS, for plaintiff in error.

HARDING, HERRMANN and HEAFER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THIS is the second appearance of this divorce case here. Initially the husband brought the matter to this court on error from an order entered by the district court on October 6, 1954, awarding the wife permanent alimony. The order, then reviewed, provided:

"* * * that this alimony should take the form of an annuity trust, with a substantial insurance company, which shall guarantee the plaintiff an income of $350.00 per month for the rest of her life, and this trust should further provide that if plaintiff should die before 20 years, any unpaid balance would go for children of parties * * *."

This court reversed, pointing out that in awarding permanent alimony for the wife in a divorce action, care should be taken that it does not amount to an appropriation of the entire estate of the husband. We held that the order, requiring a cash outlay by the husband of $90,535, being substantially all of his assets, did amount to a confiscation of the husband's assets and was invalid. The cause was remanded to the trial court with direction to vacate the alimony order of October 6, 1954, and enter an order for a reasonable sum for the support of the wife based on her necessities and the husband's ability to pay. See *Elmer v. Elmer*, 132 Colo. 57, 285 P.2d 601.

The trial court, upon remand, without taking any further testimony, awarded the wife permanent alimony of $225 per month from and after July 13, 1955. No explanation for the reduction from $350 per month to $225 per month appears in the court's order.

■ In the first decision we pointed out that:

"It is fundamental that orders for the payment of temporary or permanent alimony are subject to modification due to changed circumstances of the parties. *Walton v. Walton*, 86 Colo. 1, 278 Pac. 780; *Diegel v. Diegel*, 73 Colo. 330, 215 Pac. 143; *Jewel v. Jewel*, 71 Colo. 470, 207 Pac. 991. * * *."

On November 16, 1964, the wife filed a motion to

increase the alimony payments. A hearing was held on September 14 and 15, 1965, at the conclusion of which the court increased the alimony payments from $225 to $325 per month.

The trial court in its findings concluded that there was a substantial change in the circumstances of the parties between the time of the initial award of alimony and the time of the award under review here. The court found, and the record justifies the finding, that the wife's standard of living had deteriorated and that the husband's ability to pay the increased amount had improved materially.

The determination of whether circumstances of the parties has so changed as to warrant a modification of the order for alimony, like other fact questions, is within the sound discretion of the trial court. In the absence of an abuse of that discretion it will not be disturbed on review. *Moses v. Moses*, 155 Colo. 340, 394 P.2d 601; *Rodgers v. Rodgers*, 102 Colo. 94, 76 P.2d 1104; *Van Gordor v. Van Gordor*, 54 Colo. 57, 129 P. 226.

From a review of the record, reading the briefs of counsel and listening to the arguments, no abuse of discretion by the trial court in increasing the alimony award has been disclosed. We have considered the other assignments of error, but find no merit in any of them. Under the circumstances we will not disturb the action taken by the trial court.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.