**No. C-1316**

**Stanley George Lowery v. Rebecca Ann Lowery**

(575 P.2d 430)

Decided March 6, 1978.

Victor E. DeMouth, for petitioner.

Sweeney & Ross, William G. Ross, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In a divorce action between the parties the court adopted the provisions of a separation agreement. Later the petitioner-husband moved to vacate the orders of the court predicated upon the agreement, which motion was denied. He appealed to the Colorado Court of Appeals, which affirmed, 39 Colo. App. 413, 568 P.2d 103. We granted certiorari and now affirm.

This opinion requires little more than a statement of the facts. The respondent-wife filed a dissolution of marriage action on August 11, 1975. On September 11, 1975 the parties executed a separation agreement, the husband doing so without advice of counsel. This agreement provided, among other things, that the wife should have the custody of the two minor children of the parties; that the husband should pay $250 per month for the support of each of the children and $100 per month for the wife's support. The agreement also provided for division of the property of the parties. In this connection the wife was to receive their equity in the family residence. The husband agreed to pay the debts of the parties in the approximate amount of $2200 and the attorneys' fees of the wife in the sum of $350 plus $27 costs.

After the agreement was executed and prior to the signing of an addendum to it on November 21, 1975, the husband consulted an attorney solely for an explanation of why a date had been changed. The attorney asked to see the agreement, and, after reading it, stated to the husband that he "could have gotten a better agreement." The husband did not retain the attorney to appear in the case.

The addendum to the agreement was signed on November 21, 1975 and provided that the husband should make the mortgage payments on the residence in the amount of $450 per month, commencing on December 1, 1975; and that at the time of the sale of the residence, he should be reimbursed for one-half of any such payments made by him.

Later, on November 21, 1975, the court entered a decree of dissolution of the marriage, incorporating the provisions of the agreement and addendum. On the following day the husband entered into another marriage.

On January 21, 1976 the husband moved that the court vacate its order for payment of money and that a hearing be had as to the payments to

be made by the husband in the future. The court denied the motion, finding that the agreement was not unconscionable. The appeal was taken from this order.[1]

The residence was sold on February 27, 1976, ending the husband's obligation to make mortgage payments. The husband had made only one mortgage payment of $450.

The voluntariness of the agreement is not in question; nor is there involved the matter of changing circumstances. The only issue on this appeal is whether the agreement was unconscionable. Section 14-10-112, C.R.S. 1973. Under the circumstances, we, as did the court of appeals, affirm the trial court's conclusion that the agreement was not unconscionable.

Judgment affirmed.

MR. JUSTICE LEE does not participate.

---

[1] At the time of oral argument we were advised that subsequent to the entry of this order, the payments were reduced to $100 per month for the wife and $25 per month for each child.