**William J. MACKEY, Petitioner,**

v.

**The Honorable Judge HALL of the Fourth Judicial District of the State of Colorado, Respondent.**

**No. 84SA274.**

Supreme Court of Colorado,
En Banc.

Jan. 21, 1985.

Rehearing Denied Feb. 11, 1985.

**1276**

William M. Lederer, Colorado Springs, for petitioner.

Alan F. Barton, Colorado Springs, for respondent.

ERICKSON, Chief Justice.

In this original proceeding under C.A.R. 21, petitioner seeks a writ of prohibition to prevent the district court from enforcing an order in a dissolution of marriage case. We issued a rule to show cause why the requested relief should not be granted and now make the rule absolute.

I.

The present case arises from the dissolution of the marriage of Jeanette Marie Mackey and William Jerry Mackey (petitioner) entered in El Paso County District Court in 1978. A separation agreement signed by the parties and made a part of the divorce decree required that petitioner pay combined child support and property settlement payments of $1,221.18 per month.[1]

In March 1984, petitioner filed a motion to modify the separation agreement, requesting a temporary reduction in his child support and property settlement obligations. At the time petitioner filed his motion, he was behind in his payments to his wife under the separation agreement. A hearing was scheduled to determine whether petitioner met the threshold requirements for modification as set forth in section 14–10–122(1), 6 C.R.S. (1973).

At the modification hearing on May 31, 1984, petitioner informed the court that assets of his business had been sold in a bank foreclosure proceeding and that he was currently in the process of forming a new corporation. Because of his changed economic circumstances, petitioner requested that the court reduce his support and property settlement payments for a period of two years.

During the hearing the petitioner introduced a financial affidavit into evidence that listed as personal assets a 1984 Corvette, a 1979 Trans Am, a boat, four motorcycles, a personal residence, a gun collection, furniture, and household goods. Petitioner also admitted on cross-examination that he owned additional assets not itemized on the financial affidavit, including a twin engine aircraft, a 1977 automobile, a dune buggy, and $4,000 in cash. Petitioner stated that he had tried to sell the various assets to satisfy his property settlement responsibilities, but had been unable to find willing buyers.

At the conclusion of the hearing, the trial judge denied petitioner's request for a modification, and, acting *sua sponte*, ordered petitioner to deliver title to his airplane and his gun collection and all his motor vehicles to his former wife's attorney so that they could all be sold.[2] The court then instruct-

---

1. The separation agreement required that petitioner pay $200 per month child support for each of the couple's three minor children. In addition, the agreement also required petitioner to execute a promissory note to his former wife for $65,000, which sum represented a one-half interest in petitioner's corporation. Petitioner agreed to retire the note by making monthly payments to his former wife of $621.18.

2. However, the trial judge stated that petitioner could keep his 1979 Trans Am for transportation purposes and $4,000 in cash which was to be accounted for at a subsequent hearing.

ed the attorney to sell the petitioner's assets and to hold the proceeds in an escrow account so that the funds could be applied as a satisfaction of the petitioner's obligations under the separation agreement.

The petitioner claims that the trial judge had no authority to order his assets to be transferred and sold, and that the judge's order constitutes an impermissible modification of the separation agreement. We agree.

■ Section 14–10–122(1), 6 C.R.S. (1973), establishes the following standards for courts to apply in modifying a decree of dissolution of marriage:

> [T]he provisions of any decree respecting maintenance or support may be modified only ... upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. The provisions as to property disposition may not be revoked or modified unless the court finds the existence of conditions that justify the reopening of a judgment.

Under 14–10–122(1), "unconscionability" is the standard for courts to apply in modifying maintenance or support payments, whereas "conditions justifying the reopening of a judgment" must be established before property disposition provisions can be altered. *In Re Marriage of Jones*, 627 P.2d 248, 253 (Colo.1981). *See* C.R.C.P. 60(b).

■ The narrow issue raised by petitioner at the hearing was whether, in light of his changed economic circumstances, he was entitled to a temporary reduction in his child support and property settlement payments. The petitioner's ex-wife did not challenge the disposition of property under the agreement and did not establish any "conditions" that would justify the relief granted by the court. Given the narrow issue before the court, we hold that the trial judge exceeded his authority in ordering petitioner's property transferred and sold.

The trial court's order is therefore vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

Rule made absolute.