**In re the MARRIAGE OF Clare S. UDIS, Petitioner,**

**and**

**Bernard Udis, Respondent.**

**No. 87SC409.**

Supreme Court of Colorado,
En Banc.

Oct. 2, 1989.

Rehearing Denied Oct. 23, 1989.

Marvin B. Woolf, Boulder, for petitioner.

Terrill Stevens Pizzi & Ridgway, Nancy S. Terrill and Catherine Duke Edwards, Boulder, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

We granted certiorari to review the judgment of the Court of Appeals in *In re Marriage of Udis*, No. 86CA1189 (Ct.App. Sept. 10, 1987) (not selected for official publication) (*Udis II*), reversing the trial court's denial of a motion by the respondent, Bernard Udis (the husband), to terminate maintenance payments to the petitioner, Clare S. Udis (the wife). We reverse.

I

On January 15, 1973, the Boulder County District Court entered a decree of dissolution dissolving the twenty-two year marriage of the parties. A separation agreement executed on August 25, 1972, and incorporated into the decree contained the following pertinent language:

4. *Alimony.* The Husband will pay to the Wife the sum of Two Hundred Dollars ($200.00) per month as alimony beginning the first day of September, 1972. When the younger child becomes emancipated, the parties agree that the alimony shall increase by an increment of Three Hundred Dollars ($300.00), to make the total alimony payment Five Hundred Dollars ($500.00), until the disability or retirement of the Husband, at which time the amount of alimony will be

readjusted as agreed between the parties or determined by the Court in accordance with his ability to pay.

The Husband specifically agrees that the amount of alimony as described herein is agreed with the anticipation that the Wife shall seek gainful employment as soon as possible and in the event she obtains gainful employment, the Husband will not attempt to have the alimony decreased by virtue of her having obtained said employment until the younger child becomes emancipated.

On February 23, 1984, the husband filed a motion to terminate maintenance. The petition alleged a substantial change in the financial circumstances of the parties had occurred.[1] In response, the wife argued that the terms of the separation agreement prohibited modification of the maintenance provision thereof. She also filed a motion to increase maintenance in the event the trial court determined the maintenance provision could be modified.

On June 5, 1984, the trial court determined that the agreement did not preclude modification of the maintenance provisions. On July 10, 1984, an evidentiary hearing was conducted by a different judge. Evidence presented at the hearing established that at the time the decree was entered the wife was not employed and the husband earned income of $28,420; that in 1983 the husband reported adjusted gross income of $51,487 and incurred living expenses of approximately $3,000 per month; that in 1983 the wife earned taxable income of $23,339, excluding $6,000 maintenance; and that in 1983 the wife's monthly living expenses totaled approximately $1,500.[2] At the conclusion of the hearing the trial court determined that there had been a substantial

change in the position of the parties, denied the wife's motion to increase maintenance and granted the husband's motion to terminate maintenance.

On appeal, the Court of Appeals affirmed the trial court's ruling that the separation agreement did not preclude modification of the maintenance provision thereof but reversed the trial court's termination of maintenance on the ground that the order contained insufficient findings of fact to permit a determination of whether the trial court had abused its discretion. *In re Marriage of Udis*, No. 84CA1177 (Colo.App. April 10, 1986) (not selected for official publication) (*Udis I*). The case was remanded for a determination of whether any change of circumstances was continuing in view of the factors enumerated in sections 14–10–114, 6B C.R.S. (1987 Repl.), and 14–10–122(1), 6 C.R.S. (1973).

On remand, the parties stipulated that no additional evidence would be taken. The trial court then recalculated the wife's 1983 annual income, denied the husband's motion to terminate maintenance and ordered the initial award of maintenance to be reinstated.

The husband appealed, and the Court of Appeals reversed the trial court's judgment on the ground that the husband had established that circumstances had sufficiently changed to justify termination of maintenance.

## II

The wife argues that, when properly construed, the trial court's judgment is supported by the record and that the Court of Appeals improperly substituted its own

---

1. The husband's motion, filed pursuant to § 14–10–122, 6 C.R.S. (1973), did not alternatively request reduction in the amount of the maintenance payments. The trial court, the Court of Appeals and the parties agree that § 14–10–122 authorizes termination of as well as modification of maintenance. *Compare In re Marriage of Dixon*, 683 P.2d 803, 805 (Colo.App. 1983), *with In re Marriage of Lodholm*, 35 Colo. App. 411, 415, 536 P.2d 842, 845 (1975). Section 14–10–122 was amended in 1986 and 1987 in ways not material to the issues raised here. *See* Ch. 120, sec. 3, § 14–10–122, 1986 Colo. Sess.

Laws 724; Ch. 113, sec. 4, § 14–10–122, 1987 Colo. Sess. Laws 587.

2. From 1979 to 1982 the wife's taxable income, excluding maintenance, had fluctuated from a low of $7,470 in 1982 to a high of $15,500 in 1981. For the six months preceding the hearing her taxable income averaged $2,800 per month, excluding maintenance. The parties also presented evidence concerning their assets and liabilities.

findings for those reached by the trial court. We agree.

### A

■ The trial court's final order denying the husband's motion to terminate maintenance contains the following pertinent language:

> At the time of the dissolution of the marriage in 1972 [sic], the [wife] was not employed. The separation agreement provided that "the Wife shall seek gainful employment as soon as possible." She subsequently became a real estate broker. In arriving at the $500 monthly "alimony" payment, it was anticipated that the [wife] would be earning income in the future. *Andrews, Jr. v. Andrews*, 161 Colo. [529, 423 P.2d 573 (1967)].

The Court of Appeals construed this language to indicate a conclusion by the trial court that the separation agreement prohibited any consideration of the wife's income in determining the husband's motion. However, the trial court expressly compared the income of both parties in arriving at its decision. It is more probable that the language in question simply states a fact: the separation agreement did expressly "contemplate" that the wife would earn income subsequent to September 1972.

Although the agreement and the decree refer to "alimony" rather than to "maintenance" payments, the Uniform Dissolution of Marriage Act governs these proceedings because the petition for dissolution was filed subsequent to the effective date of that statute. § 14–10–133, 6B C.R.S. (1987 Repl.). *See In re Marriage of Perlmutter*, 772 P.2d 621 (Colo.1989). Section 14–10–112(6), 6B C.R.S. (1987 Repl.), provides that "[e]xcept for terms concerning the support, custody, or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides." Although a separation agreement incorporated into a decree may expressly prohibit any modification of maintenance provisions contained therein, a district court may modify the maintenance provisions of a separation agreement incorporated into a dissolution decree on grounds of unconscionability if the agreement is silent on the subject or if the parties specifically reserve such power to the court. § 14–10–122(1)(a), 6B C.R.S. (1987 Repl.); *see In re Marriage of Thompson*, 640 P.2d 279, 281 (Colo.App. 1982); *In re Marriage of Cohen*, 44 Colo. App. 200, 610 P.2d 1092, 1093 (1980); *Lowery v. Lowery*, 39 Colo.App. 413, 414, 568 P.2d 103, 105 (1977), *aff'd sub nom. In re Marriage of Lowery*, 195 Colo. 86, 575 P.2d 430 (1978). Any effort to limit or preclude the authority of a district court to modify the maintenance provision of a separation agreement must be articulated by language that is specific and unequivocal. *In re Marriage of Rother*, 651 P.2d 457, 459 (Colo.App.1982).

The separation agreement entered into by the parties here states that "[n]o modification or waiver of any of the terms or conditions of this agreement shall be valid unless in writing and executed with the same formality as this agreement." In *Thompson*, 640 P.2d 279, the Court of Appeals held that a separation agreement containing identical language precluded subsequent judicial modification of the maintenance provisions of that agreement. However, in this case the agreement also contains language expressly recognizing that the maintenance provision thereof may be "readjusted as agreed between the parties or determined by the Court...." In view of this authorization of judicial modification of the separation agreement, we conclude that when read as a whole the agreement did not specifically and unequivocally preclude the trial court from modifying the maintenance provisions thereof on grounds of unconscionability.

The husband contends that the trial court's citation of our opinion in *Andrews, Jr. v. Andrews*, 161 Colo. 529, 423 P.2d 573 (1967), indicates that the trial court erroneously failed to consider the wife's income. In *Andrews*, a separation agreement incorporated into a dissolution decree established a specific formula, based upon fixed percentages of the husband's annual taxable income, for calculating child support payments to be made by the husband. Ten

years after the entry of the decree the trial court granted the wife's petition for increased support payments based on the husband's increased income. On appeal, we reversed, stating in pertinent part as follows:

> The divorce decree, therefore, by its terms anticipated the very change in circumstances upon which the court at the modification hearing based its new order. Accordingly, we hold that such a change in circumstances cannot support a later decree of the court modifying the original decree. Where the alleged change in the circumstances of the parties is one that the trial court anticipated and made allowance for when entering the original decree, such change is not a ground for a modification of the decree.

*Andrews*, 161 Colo. at 531, 423 P.2d at 574 (citation omitted).

In *Andrews*, the specific basis agreed by both parties at the time of the decree to be determinative of the amounts of future child support payments was the basis relied upon by the wife to establish a change of circumstances. In this case, the separation agreement does not specify any specific formula for calculating future maintenance payments. The cases are inapposite, as the husband contends. However, the trial court expressly referred to the wife's income in concluding that the husband failed to establish that the maintenance provision of the separation agreement had become unconscionable. We therefore reject the husband's argument that the trial court failed to consider this factor in reaching its decision.

### B

■ The wife argues that the Court of Appeals erroneously concluded that the record does not support the trial court's ultimate conclusion that the husband failed to establish so substantial and continuing a change in circumstances as to render maintenance payments of any amount unconscionable. We agree.

The Court of Appeals concluded that the wife's employment constituted a substantial and continuing change in her circumstances. The record supports that conclusion. She was unemployed when the decree was entered and was earning a substantial annual income at the time of the hearing.

■ However, the fact that a spouse who receives maintenance enjoys increased income in comparison to the amount of income earned by that spouse at the time the decree was entered does not necessarily require the conclusion that the initial award of maintenance has been rendered unconscionable. *See Curry v. Curry*, 102 Colo. 381, 382–83, 79 P.2d 653 (1938). *See, e.g., Mackey v. Hall*, 694 P.2d 1275, 1277 (Colo.1985); *In re Marriage of Hauger*, 679 P.2d 604, 606 (Colo.App.1984). Whether such a change is so substantial and continuing that some modification is appropriate requires examination of all relevant circumstances of both parties, *see Sinn v. Sinn,* 696 P.2d 333, 335 (Colo.1985); *Watson v. Watson*, 135 Colo. 296, 303, 310 P.2d 554, 559 (1957); *In re Marriage of DaFoe*, 677 P.2d 426, 427–28 (Colo.App.1983), including the expenses of both parties. *See In re Marriage of Ward*, 740 P.2d 18, 20 (Colo.1987); *Marsaglia v. Marsaglia*, 170 Colo. 510, 513, 462 P.2d 588, 589 (1969). An initial agreement concerning levels and duration of maintenance payments frequently reflects compromises and adjustments by both parties in their positions regarding other matters such as support payments and interests in personal and real property. In recognition of this aspect of dissolution proceedings, the Court of Appeals has appropriately observed that a party seeking modification of the terms of a separation agreement incorporated into a dissolution decree has a heavy burden of proving that those provisions have become unconscionable under all relevant circumstances. *In re Marriage of Anderson*, 638 P.2d 826, 827 (Colo.App.1981).

In *Udis I*, the Court of Appeals reversed the trial court's initial judgment and remanded the case for further findings because the trial court's initial order failed to reflect consideration of all relevant statutory criteria. The trial court's order refers to the duration of the marriage, the wife's

age and occupation and the incomes of the parties.[3] Although the order does not expressly recite the needs or expenses of the parties, both parties presented evidence of their expenses as well as of their incomes at the hearing. Under these circumstances, the trial court may be presumed to have considered the expenses of the parties in arriving at its decision. *See In re Marriage of Serdinsky,* 740 P.2d 521, 523 (Colo.1987).

The trial court's order is neither as detailed nor as complete as might be desired. However, it does expressly and impliedly reflect consideration of several of the relevant statutory criteria. On balance, we conclude that while the record would support a contrary decision, it also supports the trial court's ultimate conclusion that the husband failed to establish that under all relevant circumstances the maintenance provision of the separation agreement, as incorporated into the dissolution decree, should be terminated as unconscionable. When a trial court's order is supported by competent evidence, it should not be disturbed on review. *See In re Marriage of Jones,* 627 P.2d 248, 254 (Colo.1981); *Graves v. Graves,* 171 Colo. 20, 22, 464 P.2d 291, 292 (1970); *Elmer v. Elmer,* 163 Colo. 430, 432, 431 P.2d 470, 471 (1967); *In re Marriage of Krise,* 660 P.2d 920, 921 (Colo.App.1983).

### III

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals with directions to withdraw its order directing the trial court to reinstate the initial order terminating maintenance payments.

---

**3.** The trial court's order contained a statement that the wife's future employment was uncertain. The Court of Appeals properly observed that the record contains no evidence that the wife would be unable to earn any income from the sale of property in the future and that the statement constituted impermissible speculation about the wife's possible future income. *See Watson v. Watson,* 135 Colo. 296, 303, 310 P.2d 554, 559 (1957). While improper, this statement does not in our opinion render the trial court's judgment invalid.