In re the MARRIAGE OF Richard B. CHANNELL, Appellee,

and

Jacoba M. Channell, now Jacoba M. Kellogg, Appellant.

No. 89CA1060.

Colorado Court of Appeals, Div. I.

Aug. 2, 1990.

The Law Offices of James C. Forslund, James C. Forslund, Lakewood, for appellee.

Lawrence Litvak, P.C., Ronald D. Litvak, Denver, for appellant.

Opinion by Judge HUME.

Jacoba M. Kellogg, (mother) appeals an order of the trial court determining that Richard B. Channell, (father) no longer has a duty to pay support, pursuant to a 1985 decree of dissolution of marriage, for a child of the parties who had attained the age of 21 years. We reverse and remand with directions.

The marriage between the parties was dissolved by decree entered effective in March 1985. The final decree provides that the father is obligated to pay child support until the children are: "deceased, emancipated, or until they reach the age of 21 years, unless the children are in college, in which case support shall continue for a period of four years past the date of each child's graduation from High School." That decree and support order, entered after a contested hearing on the support issue was not appealed.

In April 1989, the father requested a modification of the amount of child support he was required to pay under the decree. Although the record does not contain the father's petition for modification, the parties' appellate briefs indicate that the petition was based, in part, upon the fact that one of the parties' children either had reached, or soon would attain, the age of 21 years. Although that child was attending college at the time of her 21st birthday, the court terminated the father's obligation to support her and modified husband's obligations to support another remaining minor child.

The mother contends the trial court erred in terminating the previously decreed support for the child solely because she had attained the age of 21. We agree.

Here, the trial court's order was predicated upon its conclusion that the decisions in *In re Marriage of Plummer*, 735 P.2d 165 (Colo.1987) and *In re Marriage of Pring*, 742 P.2d 343 (Colo.App.1987) mandate termination of an obligation to pay child support for children who reach majority. We disagree with that conclusion.

The decisions in *Plummer* and *Pring* did not involve dissolution decrees that provided for continuing support for children who attended college. In *Plummer*, the decree contained no provision for child support, and in *Pring*, the decree provided that the

father was obligated to pay support until the children attained the age of 21 or became emancipated. Under those circumstances, the respective appellate courts stated that emancipation ordinarily occurs upon the attainment of majority and that voluntary attendance at college does not operate to overcome the presumption of emancipation that coincides with attainment of majority.

Here, unlike the circumstances in *Plummer* and *Pring,* the court's final decree of dissolution expressly provides for the continuation of the father's duty to pay support for the four-year period of a child's attendance at college immediately following his or her graduation from high school. That support provision, entered by a court having proper jurisdiction over the parties and over the subject matter, became a final and dispositive judgment unless modified or vacated pursuant to C.R.C.P. 59 or 60, or until reversed by an appellate court in direct review proceedings. *See McLeod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974).

Since the decretal support provision has not been challenged pursuant to C.R.C.P. 59, C.R.C.P. 60, or in timely appellate proceedings, it is dispositive on the issue of child support. As stated in *McLeod, supra:*

"Litigants who acquire rights on the faith of judicial proceedings are entitled to have the integrity of those rights preserved. Moreover, there is a definite public interest in the assured final adjudication of controversies and conclusiveness of judgments."

*See also* § 14–10–120, C.R.S. (1987 Repl. Vol. 6B); § 14–10–122(1)(c), C.R.S. (1989 Cum.Supp.); *In re Marriage of McKendry,* 735 P.2d 908 (Colo.App.1986).

Thus, even if the original decretal support order was erroneous, it nevertheless retained judgmental vitality. This view is further supported by § 14–10–122(3), C.R.S. (1987 Repl.Vol. 6B) which provides:

"Unless otherwise agreed in writing *or expressly provided in the decree,* provisions for the support of a child are termi-

nated by emancipation...." (emphasis added)

Although the trial court did have continuing jurisdiction to modify the decretal support provisions as to the installments that accrued after the filing of the father's motion for modification, its authority is limited pursuant to § 14–10–122(1)(a), C.R.S. (1989 Cum.Supp.). Under that statute, the decree could be modified only upon a showing of changed circumstances that are substantial and continuing or upon other specified grounds that are not here pertinent.

Since the father's duty of support beyond majority had been determined in the original decree, the court was without authority to correct or redefine the decretal determination that extended the support obligation beyond the age of majority. The original decree had considered and determined the anticipated contingency that some or all of the parties' children would need extended support while they attended college after becoming 21. The happening of that anticipated contingency, therefore, could not, in itself, be a changed circumstance that was not contemplated by the decree. *See Andrews v. Andrews,* 161 Colo. 529, 423 P.2d 573 (1967).

Hence, we conclude that insofar as the court's order modifying support was based upon its conclusion that the original decree was erroneously entered, it cannot stand. *See McLeod v. Provident Mutual Life Insurance Co., supra.*

The record transmitted to us does not include either the father's petition for modification or a transcript of the evidence presented at the modification hearing. Thus, we cannot determine if other proper grounds, not provided for as contingencies in the 1985 decree, were asserted in support of modification, or whether the evidence presented at the hearing was sufficient to warrant modification of the support order on proper statutory grounds. Nor can we determine from the available record when the daughter in question graduated from high school.

The order is reversed, and the cause is remanded for reconsideration of the father's petition for modification of support

in conformity with the views expressed in this opinion.

PIERCE and CRISWELL, JJ., concur.