In re the **MARRIAGE OF Douglas R. BOWLES, Appellant and Cross–Appellee,**

and

**Barbara J. Bowles, Appellee and Cross–Appellant.**

No. 94CA1590.

Colorado Court of Appeals, Div. V.

Oct. 12, 1995.

Rehearing Denied Nov. 24, 1995.

Certiorari Denied April 29, 1996.

Cooper and Cooper, P.C., Robert M. Cooper, Leonard D. Tanis, Broomfield, for Appellant and Cross–Appellee.

Litvak Litvak and Mehrtens, P.C., Amy V. Williams, W. Troy Romero, Denver, for Appellee and Cross–Appellant.

Opinion by Judge DAVIDSON.

Douglas R. Bowles (husband) appeals from the order of the trial court which denied his motion for modification of maintenance. Barbara J. Bowles (wife) cross-appeals from that portion of the trial court's order award-ing attorney fees. We affirm in part, reverse in part, and remand with directions.

The parties' 28–year marriage was dissolved in 1991. At that time, wife suffered from physical and emotional problems and possessed limited employment skills. Based upon wife's lack of sufficient property and her inability to support herself through appropriate employment, husband was ordered to pay her permanent monthly maintenance of $800. This was her only source of income.

At the time of dissolution, husband was earning approximately $35,000 annually as an expert in the field of carpet and fabric cleaning. He was then experiencing the effects of a 1990 automobile accident and expected the pain and numbness he was suffering to necessitate a cutback in his work hours.

Husband remarried and continued to work in the field of carpet and fabric cleaning and restoration, becoming an employee of a company owned by his current wife. He testified that his physical pain had increased to such an extent that he had been forced to curtail his work hours. On the advice of his doctor, who also testified at the hearing, husband currently worked a maximum of twenty hours per week. He was paid at the rate of $12.50 per hour, but received additional benefits from his employer. Husband also had possible income, based upon his expertise, as a teacher at industry seminars.

As a result of his purported inability to work full-time and the resultant loss of income, husband sought to modify his maintenance obligation.

Concerning the income of husband and his current wife, the trial court found, inter alia, that "the two of them ... earn about $36,000 a year ... and that money [was] earned equally by him as well as by his present wife." Thereafter, based upon its conclusions that wife's physical and emotional condition remained unchanged, that husband's physical symptoms had existed for many years, that he had not applied for disability benefits, and that his current income was not substantially altered, the trial court found that the circumstances of the parties had not changed as to justify a modification in the existing order. Thus, it denied husband's

motion, at the same time ordering him to pay $400 of wife's attorney fees.

## I.

### A.

■ Initially, we reject husband's argument that the findings of the trial court that his disability did not constitute a significant change in circumstance was without record support and, hence, clearly erroneous.

Husband presented evidence that his injuries predated the original order for maintenance and that he had anticipated a forced reduction in his work hours. Further, although evidence regarding his physical condition was presented by him, his former and current employers, and his chiropractor, conflicting evidence was presented by wife.

■ The trial court as a finder of fact can believe all, part, or none of a witness' testimony, even if uncontroverted. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968). Here, although a contrary finding was also plausible, there is record support for the trial court's finding that husband's physical disabilities did not constitute a changed circumstance. And, its resolution of conflicting evidence is binding on review. *See In re Marriage of Udis,* 780 P.2d 499 (Colo.1989).

### B.

Husband's principal contention is that the trial court erred by considering the income and assets of his current wife in its determination that a modification of maintenance was not warranted. We agree in part.

The question whether income of a third party may be considered in the determination of a payor spouse's request to reduce maintenance has not been addressed in Colorado. However, we find instructive the recent decision of the supreme court in *In re Marriage of Nimmo,* 891 P.2d 1002 (Colo. 1995), in which the court reviewed the holding of this court in *In re Marriage of Seanor,* 876 P.2d 44 (Colo.App.1993).

The issue before the *Nimmo* court arose from an action to modify child support. There, the father sought to discover the in-

come of the mother's current husband to ascertain her total income. The court reaffirmed the common law principle that the factors to be considered in determining child support do not include the financial resources of third parties. *See In re Marriage of Seanor, supra* (taking into account the income of third parties for child support purposes would necessitate an equitable consideration of the third party's financial responsibilities).

Even so, because the definition of income for child support purposes contained in § 14–10–115(7)(a)(I)(A), C.R.S. (1995 Cum.Supp.) demonstrates a general legislative intent to make available for consideration, as sources of payment of child support, income to a parent from "any source," the court did not preclude the inclusion of certain gifts from the mother's current husband to her as income under the child support guideline. However, importantly, this inclusion was limited strictly to actual gifts of money transferred directly and regularly to the mother from a dependable source, as established with reasonable certainty. Excluded as income to the mother were amounts paid by the current husband to third parties for such things as mortgage payments, car and home repairs, insurance, and utilities. The court reasoned that these payments of household expenses were not gifts of income even though the mother derived some benefit thereby.

In considering the analogous question here, we also find instructive that, in the context of an initial award of maintenance, *see* § 14–10–114(2), C.R.S. (1987 Repl.Vol. 6B), the supreme court previously has determined that "financial contributions ... [to the payee spouse] which are completely voluntary in nature and not based on any legal obligations are not appropriate factors for consideration in determining the amount of an award of maintenance." *In re Marriage of Serdinsky,* 740 P.2d 521, 522, 523 (Colo. 1987). Conversely, if a third party is legally required to make monetary payments, it may be appropriate to consider them in setting the amount of maintenance a payee spouse is to receive.

From this we conclude that, with the possible exception of legally required financial contributions, it is impermissible to include the financial resources of a third party in the calculation of the income of the payor spouse when determining an award of maintenance.

We further conclude, however, that a limited consideration of a third party's resources is not absolutely prohibited if, as here, the existence or use of such assets is directly relevant to an allegation by the payor spouse of a substantial and continuing change of circumstances in his ability to meet his reasonable needs while meeting the needs of his former spouse. *See* § 14–10–114(2)(f), C.R.S. (1987 Repl.Vol. 6B).

■ This is because, in considering a request by a payor spouse to reduce a maintenance award based on changed circumstances, the dispositive determination is not necessarily the mere calculation of "income" or "financial resources" of the parties, but whether, looking at all the circumstances presently before the court, the terms of an original award have become unconscionable. *See In re Marriage of Anderson,* 638 P.2d 826 (Colo.App.1981). Indeed, mere increases or decreases in earnings do not require the conclusion that the amount of maintenance has become unconscionable, "nor do they necessarily reduce [or increase] dollar-for-dollar the amount of maintenance properly awarded here pursuant to § 14–10–114." *In re Marriage of Connell,* 831 P.2d 913, 915 (Colo.App.1992); *see In re Marriage of Da-Foe,* 677 P.2d 426, 428 (Colo.App.1983) ("[c]onscionability is not a function of percentage of reduction but must be measured by the totality of the circumstances").

Hence, the trial court is required to consider *all* relevant circumstances of both parties in making such determination. *In re Marriage of Udis, supra.*

■ Accordingly, we hold that the trial court may not include the current spouse's financial resources either in its calculation of the income of the payor spouse or as a source of payment of maintenance. However, and only if it otherwise is relevant, the court may consider the existence or use of such assets as one factor of many in determining whether there has been such a continued change of circumstances as alleged by the payor spouse to warrant a reduction in maintenance.

■ Here, a critical issue was whether husband's asserted reduction in his income resulted from a disability, as he alleged, or whether his decision to work only part-time was, instead, a voluntary decision based, at least in part, on the financial contributions of his current wife. Thus, the fact of the current spouse's income could be considered by the court as a circumstance in the determination whether husband was voluntarily underemployed. The trial court was not required to overlook the current wife's business and how it was used by the family or that she has served in a dual capacity, not only as spouse, but as employer responsible for husband's income.

From its findings, however, it is unclear whether the court erroneously imputed the current wife's income to husband, which is not permitted, or merely considered current wife's financial resources as a factor in ascertaining whether husband's asserted reduction in income actually resulted from an involuntary change of circumstances. Nor can we ascertain from the court's findings to what extent this error, if any, impacted its conclusion that a modification was not warranted.

As a result, although if supported by the record such discretionary decisions generally are not disturbed, *see In re Marriage of Perlmutter,* 772 P.2d 621 (Colo.1989), we are unable to determine here the basis for the trial court's denial of husband's request. Accordingly, we must remand this matter to the trial court to clarify its findings in accordance with this opinion.

## II.

■ On cross-appeal, wife contends that the trial court erred in basing its award of attorney fees on her limited resources, in effect impermissibly determining the contract between her attorney and herself. We reject this contention.

■ Section 14–10–119, C.R.S. (1987 Repl. Vol. 6B) gives the trial court discretion to award a reasonable amount for attorney fees

after considering the parties' financial resources. An award thus made will not be reversed on appeal absent an abuse of discretion. *In re Marriage of Fernstrum,* 820 P.2d 1149 (Colo.App.1991).

Contrary to the argument of wife, the trial court's order did not alter any contract that exists between wife and her attorney. Although the trial court stated that the fees billed to wife were excessive and beyond her means to pay, its ruling is limited to a determination, as between the parties, of what was a reasonable fee for which husband should be responsible, under all the circumstances of the case.

We perceive no abuse of discretion. *See In re Marriage of Seely,* 689 P.2d 1154 (Colo. App.1984) (statute does not require husband to pay any amount which wife's attorney should choose to bill her, no matter how inflated, or unconscionable that fee might be).

The order is affirmed in part and reversed in part, and the cause is remanded for further findings in accordance with this opinion.

CASEBOLT and ROY, JJ., concur.