**In re MARRIAGE OF Anita R. WEIBEL, Appellant,**

**and**

**Charles W. Weibel, Appellee.**

**No. 97CA0459.**

Colorado Court of Appeals, Div. IV.

Sept. 3, 1998.

recover under a theory of unjust enrichment.

Frey, Korb, Haggerty & Michaels, P.C., John J. Haggerty, Fort Collins, for Appellant.

Osborn & Bloom, P.C., Charles S. Bloom, Fort Collins, for Appellee.

Opinion by Judge ROY.

In this post-dissolution proceeding, Anita R. Weibel (wife) appeals the trial court order reducing maintenance payable by Charles W. Weibel (husband) and denying her request for attorney fees. We vacate the order.

The parties were married 25 years. The decree of dissolution was entered in 1990, at which time husband was ordered to pay maintenance to wife in the sum of $1,500 per month. Husband, an attorney and certified public accountant, was awarded his law/accounting business together with other property, and wife was awarded the marital home with an equity valued by her at $200,000 together with other property.

Upon the sale of the marital residence, the court ordered maintenance reduced to $1,200 a month. Wife sold the marital residence and purchased a replacement residence for $90,000, which she paid in cash, and invested the balance of the proceeds from the sale of the marital residence in a savings/retirement plan.

In 1992, upon husband's motion, the court ordered maintenance reduced to $800 a month. At that time, wife was employed as a social worker with a gross monthly income of $1,260 and a net monthly income of $971. Her expenses were $2,160 a month, her savings/retirement plan had a balance of $110,000, and her total assets were $201,000. Husband reported assets of $156,900, a gross monthly income of approximately $5,000, and a net monthly income of $3,300. Both parties were free of debt.

In 1996, husband filed the present motion to reduce or terminate maintenance. Following a hearing, the magistrate found that husband was in approximately the same financial condition as when the decree originally entered and retained the ability to pay maintenance. The magistrate also found that: (1) wife's earnings from employment had increased to $2,496 per month; (2) she remained debt-free; (3) her savings had increased to over $150,000; (4) she made monthly contributions of $374.40 to a 401(k) plan; and (5) she continued to own her home debt-free. The magistrate concluded that: "On this basis the Court would find it unconscionable to require that [husband] continue to pay the same amount of maintenance." Accordingly, the magistrate recommended that maintenance be reduced to $250 per month.

On review, the trial court concluded that: (1) wife's financial circumstances had improved since the last hearing; (2) the magistrate had considered all other necessary factors; and (3) the reduced maintenance of $250 would permit wife to meet her monthly expenses as stated by her in her testimony and financial affidavit. The court accepted the magistrate's recommended reduction of maintenance and also denied wife's request for attorney fees.

I.

Wife contends the trial court abused its discretion in sustaining the magistrate's determination that the maintenance award had become unfair. We agree.

At the outset, we note that husband is not asserting an inability to pay maintenance in the amount of $800 a month as ordered in 1992. Nor is he asserting any change in his circumstances which would make his payment of the maintenance in that amount unfair. Husband's motion is directed solely to changes in wife's income and financial circumstances.

■ A party seeking modification of an existing support or maintenance order bears a heavy burden. *See In re Marriage of Udis*, 780 P.2d 499 (Colo.1989). Motions to modify maintenance under § 14–10–122, C.R.S.1997, are not considered under the same standard as original awards.

A division of this court, in *Aldinger v. Aldinger*, 813 P.2d 836, 840 (Colo.App.1991), stated that, in reviewing a motion for modification of maintenance:

The issue is not whether, based on the current financial circumstances of the parties, the court would have ordered the same amount of support. Instead, the question is different: Have the terms of the original award become unfair, *i.e.,* unconscionable.

In reviewing a maintenance award and determining whether a modification is justified, the trial court is required to consider the parties' economic circumstances and the reasonable expectations established during the marriage. The term "reasonable needs" is not to be viewed narrowly. It does not mean the minimum requirements to sustain life, but is "dependent upon the particular facts and circumstances of the parties' marriage." *In re Marriage of Olar,* 747 P.2d 676, 681 (Colo.1987).

Nor does the fact that the spouse receiving maintenance is able to increase his or her income, in itself, make the initial award unconscionable. A division of this court cautioned in *In re Marriage of Udis, supra,* 780 P.2d at 503, that:

[T]he fact that a spouse who receives maintenance enjoys increased income in comparison to the amount of income earned by that spouse at the time the decree was entered does not necessarily require the conclusion that the initial award of maintenance has been rendered unconscionable. (citations omitted) Whether such a change is so substantial and continuing that some modification is appropriate *requires examination of all relevant circumstances of both parties.* (emphasis added)

*See also In re Marriage of Bowles,* 916 P.2d 615 (Colo.App.1995); *In re Marriage of Trout,* 897 P.2d 838 (Colo.App.1994).

Here, the record reflects that, between the 1992 hearing and the 1996 hearing, wife's gross income from employment had increased from $1,260 to $2,496 a month with a net increase from $971 to $1,521 a month. Her living expenses were $2,378 per month, leaving a deficit of $857 a month before maintenance and any application of the interest from her savings/retirement account. Even without the 401(k) deduction and other

tax considerations, wife still had a monthly deficit of $483 before maintenance and interest. Thus, the reduced payment of maintenance did not allow her to meet her reasonable needs.

Further, and contrary to the magistrate's finding, wife's assets had not changed substantially between 1992 and 1996. The only significant changes in wife's assets were attributable to interest on her savings/retirement plan and appreciation in the value of her residence.

Husband's position in his brief and at oral argument has been straightforward. He asserts he should not have to pay maintenance because wife "does not need" it. He maintains that, since the fall of 1995, wife has been able to put $374 a month into a tax deferred 401(k) retirement plan and is saving approximately $600 a month in her savings/retirement account. Husband argues that if wife used these funds she would be able to meet her stated monthly expenses.

Wife's age and health are significant. At the time of the 1996 hearing, wife was 53 years old and testified that she continued to suffer from health problems including a heart problem, chronic fatigue, and fibromyalgia, and that she suffered from pain "about a third of the time" she is at work. Given her age, her future earning capacity is a legitimate concern as is her need to establish a retirement fund.

We conclude that husband and the trial court have construed the word "need" too narrowly and in contravention of precedent from this and the supreme court. In our view, a former spouse receiving maintenance, not the obligor, should be permitted to benefit from his or her frugality and should not be penalized for choosing a more austere life style. If, as husband appears to argue, any frugality and reduction in life style is to benefit the obligor, then there is no encouragement for the obligee to save or prepare for retirement.

Put another way, an appropriate rate of savings to meet needs in the event of a disaster, to make future major acquisitions such as automobiles and appliances, and for retirement can, and in the appropriate case

should, be considered as a living expense when considering an award of, or reduction in, maintenance. *Compare In Re Marriage of Hubert,* 159 Wis.2d 803, 465 N.W.2d 252 (Wis.App.1990) (holding that maintenance should be continued to allow obligee, *inter alia,* to continue saving and investing, in accordance with the couple's former standard of living) *with In Re Marriage of Liddle,* 140 Wis.2d 132, 410 N.W.2d 196 (Wis.App.1987) (holding that obligee could not obtain maintenance solely to continue her saving and investment program, where property division and proceeds therefrom would provide her with ample funds for savings and investments).

In *In re Marriage of Anderson,* 638 P.2d 826, 827 (Colo.App.1981), a division of this court rejected a father's claim that he was entitled to a reduction in child support because the mother had been frugal and had saved money, stating:

> *Nor should the fact that a parent manages to save money for her children's education be a reason to punish that parent's frugality* and allow such savings to serve as a basis to characterize the initial agreement as unconscionable. (emphasis added)

We therefore conclude the trial court abused its discretion in determining there was record support for the magistrate's finding that wife's need for maintenance had decreased because of substantial and continuing changes in the parties' circumstances and, therefore, that it was unconscionable for husband to continue to pay the $800 per month. *See In re Marriage of Udis, supra; In re Marriage of Olar, supra; In re Marriage of Caufman,* 829 P.2d 501 (Colo.App. 1992); *Aldinger v. Aldinger, supra; In re Marriage of Anderson, supra.* Accordingly, the order cannot stand.

## II.

However, we reject wife's contention that the trial court erred in affirming the magistrate's denial of attorney fees.

■ The purpose of an award of attorney fees under § 14–10–119, C.R.S.1997, is to apportion costs of dissolution equitably based on the parties' current financial resources.

*In re Marriage of Foottit,* 903 P.2d 1209 (Colo.App.1995). The award is discretionary, and will not be disturbed on appeal if supported by the evidence. *In re Marriage of LeBlanc,* 944 P.2d 686 (Colo.App.1997).

■ Because the magistrate found, despite the disparity of income, that wife had considerable assets, we do not find an abuse of discretion in its order requiring each party to pay his or her own fees. Wife's request for attorney fees on appeal is similarly denied.

The order modifying maintenance is vacated.

ROTHENBERG, J., concurs.

CASEBOLT, J., concurs in part and dissents in part.

Judge CASEBOLT concurring in part and dissenting in part.

I agree with the majority's decision to affirm the denial of attorney fees to wife. However, I dissent from the majority's conclusion that the trial court and the magistrate abused their discretion regarding the reduction of maintenance issue.

Except in circumstances not applicable here, maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unfair. Section 14–10–122(1)(a), C.R.S.1997. In making this determination, the court may apply the factors governing the establishment of maintenance in § 14–10–114, C.R.S.1997. *In re Marriage of Lowery,* 39 Colo.App. 413, 568 P.2d 103 (1977), *aff'd,* 195 Colo. 86, 575 P.2d 430 (1978).

Once the movant shows the requisite changed circumstances, it is within the trial court's discretion to modify the decree to meet the needs and abilities of the parties. *In re Marriage of Ward,* 740 P.2d 18 (Colo. 1987); *see In re Marriage of LeBlanc,* 800 P.2d 1384 (Colo.App.1990) (upon remand for modification of maintenance, statutory factors used for initial establishment of maintenance were to be applied). And, when a trial court's order regarding maintenance is supported by competent evidence, it should not

be disturbed on review. *In re Marriage of Caufman,* 829 P.2d 501 (Colo.App.1992).

Here, the record reflects that the accuracy of income and expense figures on the parties' 1996 financial affidavits was disputed, as was the reasonableness of the stated expenses. For example, wife questioned whether husband's income and personal expenses were accurately stated because of his use of a "Subchapter S" corporation to pay certain expenses. Husband questioned whether wife's listing of $450 per month for "miscellaneous" expenses was reasonable and whether a $300 per month clothing expense and an additional $200 per month recreational expense were appropriate. The questioning also pointed out that wife was able to contribute $374 per month to a 401(k) plan and yet was still able to make ends meet.

There were no express findings concerning wife's reasonable needs; hence, remand for additional findings would be appropriate here. At a minimum, however, the issues concerning reasonableness and accuracy of the figures on the financial affidavits involve determinations of credibility. Therefore, I cannot accept the premise, as the majority does, that the financial affidavits conclusively establish the "reasonable needs" of the parties. Rather, issues of credibility and issues of fact are to be resolved by the trial court and we should not substitute our own findings for those trial court findings and conclusions that are supported by the record. *See In re Marriage of Udis,* 780 P.2d 499 (Colo. 1989).

Moreover, even using only those figures set forth on the financial affidavits of the parties, a conclusion that an abuse of discretion has occurred here is not warranted.

Wife's financial affidavit shows that the 1996 net income figure of $1521 already included a deduction for the 401(k) plan; hence, her net income, assuming that deduction was not taken, would be approximately $270 more after accounting for taxes at a 28% rate. Further, the magistrate ordered maintenance to continue at $250 per month and the net of that figure after taxes would be approximately $180. Thus, wife's net income, *after* the reduction in maintenance ordered here, would be $1971.

Moreover, the $1971 figure does not account for any interest on the retirement savings accumulated by wife. It was undisputed that, in 1992, wife had taken $110,000 in savings and placed those funds into an annuity for retirement purposes. Its value as of the 1996 hearing was $125,000. Husband asserted that some amount of interest should be imputed to wife on such funds, and he suggested that a reasonable return would yield approximately $600 per month as imputed income.

In addition, it was undisputed that wife was working 32 hours per week at her job; she owned an unencumbered house that was worth, by her own estimation, $97,000; she had retirement funds and an annuity that were worth $143,000; and she had other assets worth approximately $20,000. Further, comparison of wife's stated assets on the financial affidavits for 1992 and 1996 reveals an increase of $60,000 during that time.

Under these circumstances, I cannot conclude, as the majority does, that wife has conclusively proven a "need" to keep the maintenance figure at $800 per month. The reduced rate of maintenance appears to be within discretionary standards.

I recognize that mere increases or decreases in earnings do not require the conclusion that the amount of maintenance has become unconscionable, nor do they necessarily reduce or increase dollar-for-dollar the amount of maintenance properly awarded pursuant to § 14–10–114. *In re Marriage of Bowles,* 916 P.2d 615 (Colo.App.1995).

However, in my view, the magistrate considered more than just wife's financial circumstances. The magistrate expressly considered many of the statutory factors set forth in § 14–10–114, including the parties' incomes, health conditions, financial needs, disparity in incomes, wife's assets and debts, husband's training and ability to pay maintenance, and the length of the marriage. Thus, even if I assume that wife's reasonable needs are as set forth in her financial affidavit, the evidence presented at the hearing supports the conclusion that wife's need for maintenance decreased because of substantial and

continuing changes in the parties' circumstances, including, but not limited to, wife's substantial increase in income. *See In re Marriage of Udis, supra* (appellate court may presume that trial court considered evidence presented, and even if order does not expressly reflect consideration of all relevant circumstances, order may be affirmed if evidence supports ultimate conclusion).

Furthermore, the trial court correctly modified the magistrate's findings to reflect that husband's income had changed, *see* C.R.M. 6(e)(4), but it nevertheless concluded that the result reached by the magistrate was supported by the evidence.

The standard of review requires a finding of abuse of discretion in order to set aside the court's findings and conclusions; I can find no abuse here.

Accordingly, I respectfully dissent from the majority's decision to vacate the order modifying maintenance.