25CA0334 Marriage of Adams 12-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0334
El Paso County District Court No. 22DR31886
Honorable Catherine Mitchell Helton, Judge

---

In re the Marriage of

Sean R. Adams,

Appellant,

and

Serena Adams,

Appellee.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE BROWN
Fox and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 31, 2025

---

Marrison Family Law, LLC, Catherine H. Ford, Colorado Springs, Colorado, for Appellant

The Law Office of Joel M. Pratt, Joel M. Pratt, Colorado Springs, Colorado, for Appellee

¶ 1    In this dissolution of marriage case involving Sean R. Adams (father) and Serena Adams (mother), father appeals the district court's judgment allocating parenting time.  We affirm.

## I.    Background

¶ 2    In 2024, the district court dissolved the parties' nearly nine-year marriage.  In the permanent orders, the court ordered that the parties' two children reside primarily with mother in California.  The court granted father parenting time in Colorado for most of the children's summer breaks plus several long-weekend visits in California.  Father requested clarification of the parenting time order, which the court denied.  Father appeals.

## II.    Allocation of Parenting Time

¶ 3    Father contends that the district court erred by allowing the children to reside primarily with mother in California.  We disagree.

### A.    Standard of Review

¶ 4    We review a district court's parenting time determination for an abuse of discretion.  *In re Marriage of Pawelec*, 2024 COA 107, ¶ 45.  A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair or based on a misapplication of the law.  *Id.*  We review de novo whether the court applied the

1

proper legal standard.  *In re Marriage of Morgan*, 2018 COA 116M, ¶ 7.  But a court has broad discretion over parenting time issues, and we apply every presumption in favor of upholding its decision. *In re Marriage of Badawiyeh*, 2023 COA 4, ¶ 9.

## B. Governing Law

¶ 5   When, as here, a party intends to relocate before permanent orders are entered, the district court must accept that stated intent and determine a parenting time allocation that serves the child's best interests.  *See Spahmer v. Gullette*, 113 P.3d 158, 161-64 (Colo. 2005) (district court must fashion a parenting plan that can be exercised with the parties living in different states, if that is their stated intention); *see also Morgan*, ¶ 17 (district court must allocate parenting time consistent with the child's best interests); § 14-10-124(1.5)(a)(VIII), C.R.S. 2025 (district court must consider the parties' physical proximity and its practical impact on parenting time).  In doing so, the court must consider "all relevant factors," including those listed in section 14-10-124(1.5)(a), and must give "paramount consideration to the children's safety, and their physical, mental, and emotional conditions and needs."  *In re Marriage of Collins*, 2023 COA 116M, ¶ 7.  The court is not required

to make findings on every statutory factor. *See Pawelec*, ¶ 44. In this context, the parties stand on equal footing, and either party is as likely as the other to become the primary residential parent under the best interests analysis. *See Spahmer*, 113 P.3d at 163.

¶ 6 By contrast, when a party seeks to relocate after the entry of permanent orders, a district court must apply the more demanding standard found in section 14-10-129(2)(c), C.R.S. 2025, which accounts for the parenting time rights already established by the prior order. *Spahmer*, 113 P.3d at 161, 163; *see In re Marriage of Ciesluk*, 113 P.3d 135, 140 (Colo. 2005). This standard requires consideration of the section 14-10-124 best interests factors as well as nine additional factors that specifically apply to relocation modifications. § 14-10-129(2)(c); *see Spahmer*, 113 P.3d at 163 ("[T]he goal of dissolution proceedings is to create a stable situation between the new family units arising out of the divorce, whereas the goal of a modification proceeding is to maintain this stability, if possible, in the best interests of the child.").

## C. Discussion

¶ 7 Father asserts that the district court misapplied the law when it ordered that the children would reside primarily with mother in

California.  Specifically, he argues that the court did not adequately consider the best interests of the children under section 14-10-124(1.5)(a) and instead erroneously focused on the factors in section 14-10-129(2)(c), which he argues elevated mother's interests above all else.  We discern no error.

¶ 8     The district court accepted mother's planned relocation to California and father's opposition, recognizing that both parties were equally likely to serve as the children's primary parent.  *See Spahmer*, 113 P.3d at 164.  The court then considered the section 14-10-124 best interests factors and made the following findings:

- Mother and the older child were suffering from Hypermobility Ehlers-Danlos syndrome, and the younger child was already displaying symptoms.  *See* § 14-10-124(1.5)(a)(V) (directing the district court to consider the mental and physical health of all individuals involved).

- Mother wanted to relocate to California because their symptoms were "exacerbated by the weather in Colorado."  *See* § 14-10-124(1.5)(a)(I) (directing the district court to consider the parents' wishes); *see also In re Marriage of*

*Thorburn*, 2022 COA 80, ¶ 9 n.1 (district court's oral findings supplement its written order). Father objected to the move because he would be "cut out" of the children's lives. *See* § 14-10-124(1.5)(a)(I).

- The children expressed their desire to move with mother to California. *See* § 14-10-124(1.5)(a)(II) (directing the district court to consider the child's wishes).

- Although there were concerns about mother's "influence" on the children's views of father, the children remained bonded with both parties. *See* § 14-10-124(1.5)(a)(III) (directing the district court to consider the interaction and interrelationship of the child with their parents, siblings, and any other person who may significantly affect their best interests). Even so, father and the older child had a strained relationship, and mother's move would impact the children's relationship with father. *See id.*

- Mother had been the children's primary caregiver. *See id.*; § 14-10-124(1.5)(a)(VII) (directing the district court to consider whether the parents' past pattern of involvement with the child reflects a system of values, time commitment,

5

and mutual support). In the past, father had a "good relationship" with both children. *See* § 14-10-124(1.5)(a)(VII); *Thorburn*, ¶ 9 n.1.

- While there was no ongoing pattern of domestic violence, each party had committed acts of domestic violence against the other. *See* § 14-10-124(1.5)(a)(III.5) (directing the court to consider domestic violence).

- Mother struggled with encouraging a relationship between father and the children. *See* § 14-10-124(1.5)(a)(VI) (directing the district court to consider each parent's ability to encourage the sharing of love, affection, and contact between the child and the other parent). Both parties disparaged the other in the presence of the children. *See id.*; § 14-10-124(1.5)(a)(VII). And mother had improperly involved the children in this case. *See* § 14-10-124(1.5) (directing the district court to consider all relevant factors).

- There was very little mutual support between the parties. *See* § 14-10-124(1.5)(a)(VII).

- If mother relocated to California, a long-distance parenting plan would be necessary. *See* § 14-10-124(1.5)(a)(VIII).

6

- Mother had a significant amount of extended family in California. *See* § 14-10-124(1.5).

¶ 9 From the above findings, which have record support, we conclude that the district court considered the section 14-10-124 best interests factors and thus applied the correct legal standard. True, the court also made findings related to the relocation modification factors in section 14-10-129. But the court was not precluded from considering such factors because, under a best interests analysis, the court must consider all relevant factors. *See* § 14-10-124(1.5)(a); *Collins*, ¶ 7. In any event, father admitted the court weighed "every single" section 14-10-129 factor in his favor.

¶ 10 Father also asserts that the court's "analysis of the best interest factors" and evidence compels a different outcome. We decline his invitation to reweigh the statutory factors or evidence in his favor and substitute our judgment for that of the district court. *See In re Marriage of Nelson*, 2012 COA 205, ¶ 35 (When reviewing for an abuse of discretion, even where "there is evidence in the record that could have supported a different conclusion, we will not substitute our judgment for that of the district court."); *see also In re Marriage of Rahn*, 914 P.2d 463, 465 (Colo. App. 1995) (when the

district court resolves the conflicting evidence in one party's favor, we may not reweigh that evidence or substitute our judgment for that of the district court); *In re Marriage of Udis*, 780 P.2d 499, 504 (Colo. 1989) (an appellate court may presume that the district court considered all of the evidence admitted).

¶ 11　　In sum, we cannot say that the district court exceeded its broad discretion by determining that the children's best interests were better served by designating mother their primary parent in California.　*See Pawelec,* ¶ 45; *Badawiyeh,* ¶ 9.

### III.　Disposition

¶ 12　　The judgment is affirmed.

JUDGE FOX and JUDGE MEIRINK concur.