**In re the MARRIAGE OF Robert L. GOODBINDER, Appellant,**

**and**

**Gayle S. Goodbinder, n/k/a Gayle S. Strauss, Appellee.**

No. 03CA2111.

Colorado Court of Appeals, Div. IV.

June 30, 2005.

Litvak Litvak Mehrtens & Epstein, P.C., Janine C. Treu, Michael V. Switzer, Denver, Colorado, for Appellee.

LOEB, J.

In this post-dissolution of marriage proceeding, Robert L. Goodbinder (father) appeals the trial court's order denying his bill of costs following his successful appeal of an earlier judgment and sentence for contempt. We vacate the order and remand for further proceedings.

The marriage between father and Gayle S. Goodbinder, now known as Gayle S. Strauss (mother), was dissolved in 1988. Father failed to pay child support as ordered, and in 1999, judgment was entered against him for $129,979. Subsequently, father was found guilty of contempt of court because of his failure to pay, but on June 12, 2003, the contempt judgment was reversed by a division of this court because the trial court had not permitted father to present evidence of certain affirmative defenses. *In re Marriage of Goodbinder*, 2003 WL 21355842 (Colo.App. No. 00CA0499, June 12, 2003) (not published pursuant to C.A.R. 35(f)). The mandate issued on August 11, 2003.

In July 2003, father filed a bill of costs in this court, seeking an award of the cost of copying his appellate briefs and the docket fee. Father also filed a motion for enlargement of time to file the bill of costs. This court denied the motion for enlargement of time and thus, in effect, denied father's request for these costs.

Father then filed a bill of costs in the trial court on July 24, 2003, seeking an award of the cost of preparing a reporter's transcript and the cost of premiums paid for bonds to preserve rights pending appeal. The trial court denied this request for costs in September 2003 and then denied father's motion for reconsideration in October 2003. This appeal followed.

I.

■ We first address and reject mother's contention that father's bill of costs was untimely and was improperly filed in the trial court.

Kaplan Law, L.L.C., Marc J. Kaplan, Rebecca K. Wagner, Denver, Colorado, for Appellant.

Relying on C.R.C.P. 121 § 1–22, mother first contends that father's bill of costs filed in the trial court was untimely as a matter of law because it was not filed within fifteen days of the division's June 12, 2003 opinion reversing the contempt judgment. However, because the judgment and mandate did not issue from this court until August 11, 2003, father's July 24, 2003 bill of costs was not untimely and could not be denied by the trial court on that basis as a matter of law. *See* C.A.R. 36, 41.

■ We also disagree with mother's contention that father improperly filed his bill of costs in the trial court rather than the Court of Appeals. Pursuant to C.A.R. 39(e), the costs at issue here are specifically to be taxed in the trial court as costs of the appeal in favor of father. Mother's reliance on *Giampapa v. American Family Mutual Insurance Co.*, 12 P.3d 839 (Colo.App.2000), *rev'd on other grounds*, 64 P.3d 230 (Colo. 2003), is therefore misplaced because that case involved costs on appeal taxable in the appellate court pursuant to C.A.R. 39(c) rather than costs taxable in the trial court pursuant to C.A.R. 39(e).

## II.

■ Father first contends the trial court erred by denying his request for costs pursuant to C.A.R. 39(a) and (e). We conclude that a remand is necessary for specific findings of fact and conclusions of law.

Pursuant to C.A.R. 39(a), except as otherwise provided by law, if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered by the court. Pursuant to C.A.R. 39(e), costs of appeal to be taxed in the trial court include costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, and the premiums paid for bonds to preserve rights pending appeal.

Father contends that the use of the word "shall" in C.A.R. 39(a) means that a trial court is required to award costs sought under C.A.R. 39(e) to a prevailing party on appeal and only has discretion with respect

to the amount of costs to be awarded. We disagree.

■ In general, a trial court has discretion in awarding costs, and its decision will not be overturned on appeal absent an abuse of discretion. *Rossmiller v. Romero*, 625 P.2d 1029 (Colo.1981) (unless there is a statute or rule specifically prohibiting the award of costs, trial courts may exercise their discretion to award costs to a prevailing party).

■ When a rule provides that a party is entitled to costs "unless the court otherwise directs," the court may exercise its discretion in determining whether to award costs to that party. *See Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo.2004) (noting that C.R.C.P. 54(d)'s provision for the award of costs to a prevailing party "unless the court otherwise directs" has been interpreted to mean that the trial court may exercise its discretion to award costs to a prevailing party). Similarly, here, we review the trial court's decision to deny father's bill of costs, pursuant to C.A.R. 39(e), for an abuse of discretion.

■ A trial court abuses its discretion when it acts in a manifestly arbitrary, unfair, or unreasonable manner. *Archer v. Farmer Bros. Co., supra; In re Marriage of Page*, 70 P.3d 579, 581 (Colo.App.2003).

■ The trial court must include in its order findings of fact and conclusions of law sufficient to enable the appellate court to understand the basis of its order. *See In re Marriage of Garst*, 955 P.2d 1056, 1058 (Colo. App.1998); *In re Marriage of Bowles*, 916 P.2d 615, 618 (Colo.App.1995) (remand required where appellate court is unable to determine the basis of trial court's discretionary decision); *In re Marriage of Parker*, 886 P.2d 312, 315 (Colo.App.1994) (remand required where trial court did not include in its order any findings of fact or conclusions of law which would enable appellate court to understand the basis of its order).

Here, the contempt judgment was reversed in an opinion issued by a division of this court on June 12, 2003. Father filed his bill of costs in the trial court in late July 2003. In response, mother argued that fa-

ther had not identified the transcript for which he sought the cost of preparation, nor had he established that it was necessary for the determination of the appeal. Mother disputed the necessity of the transcript and urged the court to make no award of costs for its preparation. She further argued that father had failed to provide evidence of the cost of the bond for which he sought reimbursement. In addition, she argued that it would be inequitable and unjust to award compensation to father for his costs in light of his failure to pay the $129,979 child support judgment. In reply, father provided further information and documentation regarding his costs and argued that his failure to pay the child support judgment was not a valid legal basis to deny his costs on appeal from the contempt judgment. Father also argued that mother's response should be struck.

The trial court denied father's bill of costs without comment and without making any findings of fact or stating its reasons for denying the bill of costs.

Father then moved for reconsideration of the denial of costs. After considering father's motion and mother's response, the trial court denied the motion for reconsideration, also without comment.

Because the trial court denied both the bill of costs and father's subsequent motion for reconsideration without comment, we are unable to determine the basis for the trial court's denial of father's bill of costs and, accordingly, whether the trial court abused its discretion in so ruling. Consequently, a remand for findings of fact and conclusions of law is necessary. See In re Marriage of Gance, 36 P.3d 114, 119 (Colo.App.2001) (remand of award of attorney fees necessary for additional findings); In re Marriage of Bowles, supra. On remand, the trial court's order on father's bill of costs must contain findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis for its order and to enable the appellate court to determine the grounds upon which it reached its decision. See In re Marriage of Van Inwegen, 757 P.2d 1118, 1121 (Colo.App.1988).

III.

■ Father next contends that, pursuant to Young v. United States, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987), the trial court should not have permitted the participation of mother's private counsel in the contempt proceeding and thus should have struck her response to his bill of costs. We disagree.

Here, mother responded to father's bill of costs and subsequently responded to father's motion for reconsideration of the trial court's denial of costs. Father contends that in so doing, mother's attorney served as a prosecutor in the punitive contempt proceeding, thus depriving him of his right to a disinterested prosecutor consistent with the holding of Young v. United States, supra, and C.R.C.P. 107(d)(1). We are not persuaded.

We first note that whether mother's private counsel improperly served as a prosecutor in the punitive contempt proceeding itself is not before us, and thus we do not address that issue. Cf. Eichhorn v. Kelley, 111 P.3d 544 (Colo.App.2004) (cert. granted May 26, 2005).

■ A proceeding to determine costs is an ancillary proceeding that involves issues quite separate from the merits of the original action. Janicek v. Hinnen, 34 Colo.App. 68, 72, 522 P.2d 113, 116 (1974). Because the only issue presented to the trial court by father's bill of costs was whether he should recover the costs incurred by him in his appeal of the contempt judgment, and mother's response addressed only this issue, we conclude that mother's participation in proceedings related to the bill of costs cannot be deemed to have been part of the prosecution of the contempt proceeding. Thus, we conclude that neither Young nor C.R.C.P. 107 is applicable here and that any right father may have had to a disinterested prosecutor under C.R.C.P. 107 or any other provision of Colorado law was not implicated by mother's filing of a response to his bill of costs. Accordingly, we conclude that the trial court did not err in allowing such a response.

The order is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge RUSSEL and Judge PLANK* concur.