The PEOPLE of the State of Colorado,

In the Interest of J.L., a Child, Upon Petition of the Morgan County Department of Human Services, Petitioner–Appellee,

and Concerning M.M., Respondent–Appellant.

No. 04CA2616.

Colorado Court of Appeals, Div. IV.

July 28, 2005.

George N. Monsson, County Attorney, David W. Bute, Assistant County Attorney, Fort Morgan, Colorado, for Petitioner–Appellee.

Tricia A. Matuszczak, Sterling, Colorado, Guardian Ad Litern.

Law Office of Douglas J. Marston, Douglas J. Marston, Fort Morgan, Colorado, for Respondent–Appellant.

CASEBOLT, J.

M.M. (mother) appeals the dispositional order entered in the dependency and neglect proceeding concerning her child, J.L. Mother's court-appointed attorney appeals the order denying his motion to be relieved of the appointment. We vacate the dispositional order and remand for further proceedings.

## I.

Mother claims, the Department of Human Services concedes, and we agree, that the trial court erred by entering the dispositional order without first holding an adjudicatory hearing and entering an order adjudicating the child dependent and neglected.

■ A trial court may not enter a dispositional order without having first entered an order adjudicating the child dependent or neglected. Section 19–3–507(1)(a), C.R.S.2004 ("After making an order of adjudication, the court shall hear evidence on the question of the proper disposition best serving the interests of the child and the public."); *see also E.O. v. People*, 854 P.2d 797, 800 (Colo.1993)(noting that the Children's Code provides for a bifurcated proceeding in a dependency and neglect action, and that if the court determines in the first phase that there are grounds to adjudicate the child dependent and neglected and sustains the petition, it proceeds to the second, or dispositional, phase, which commences with entry of a dispositional order and adoption of a treatment plan); *People in Interest of D.R.W.*, 91 P.3d 453 (Colo.App.2004)(same).

■ Here, mother denied the allegations in the petition and, pursuant to §§ 19–1–105(1) and 19–3–202(2), C.R.S.2004, demanded a jury. The court did not hold an adjudi-catory hearing or enter an adjudicatory order. Instead, it adopted the department's proposed treatment plan as a dispositional order. However, as noted above, the court did not have authority to enter the dispositional order before adjudicating the child dependent and neglected. *See People in Interest of O.E.P.*, 654 P.2d 312 (Colo.1982); *People in Interest of A.M.D.*, 648 P.2d 625 (Colo.1982).

Accordingly, we conclude that the case must be remanded to the trial court to hold an adjudicatory hearing.

## II.

Mother's attorney contends the trial court erred by denying his motion to be relieved of the appointment. More specifically, he asserts he did not agree to accept court appointments in dependency and neglect proceedings and that he cannot be compelled to represent an indigent parent in such proceedings without just compensation. We remand for further proceedings.

An indigent parent has the right to court-appointed counsel in a dependency and neglect proceeding. Sections 19–1–105(2), 19–3–202(1), C.R.S.2004; *see also Waters v. Dist. Court*, 935 P.2d 981 (Colo.1997); *People in Interest of A.M.D., supra; People in Interest of V.W.*, 958 P.2d 1132 (Colo.App.1998).

■ A trial court may appoint an attorney who has a contract with the state to represent indigent parents in such cases or an attorney who is not under contract with the state and is paid on an hourly fee basis. The hourly fee and limit on total compensation paid to a noncontract attorney for work on a dependency and neglect case are determined by the state. Chief Justice Directive 04–05, Appointment and Payment Procedures for Court Appointed Counsel for Children and Indigent Persons in Titles 12, 14, 15, 19 (Dependency and Neglect Only), 22, 25, 27, and Guardians Ad Litern, Non–Attorney Special Advocates and Court Visitors Paid by the State Court Administrator's Office (May 1, 2004)(rev.Sept. 1, 2004).

Here, the appointment order indicates that "no contract system was in place for this

appointment type or in this court" and that the attorney was to be paid an hourly rate. Counsel filed a motion to be relieved of the appointment, indicating that, although he had a previous contract with the state, he was no longer accepting appointments in dependency and neglect cases. He also asserted that (1) the compensation paid by the state did not adequately compensate him for his time, training, and experience; (2) the appointment violates his constitutional right to equal protection because fewer attorneys are available in rural than in urban areas to accept court appointments and rural attorneys thus shoulder a disproportionate burden of representing indigent parents; and (3) his involuntary appointment creates a conflict of interest between him and his client.

The trial court denied the motion, concluding that "should counsel desire to not practice in the courts of the County any longer, he may be relieved of the burden of court-appointments in this County." The court did not make any factual findings or cite any authority in support of its conclusion.

### A.

As an initial matter, we address whether the attorney has standing to raise his claim in the context of mother's appeal of the dispositional order. We conclude that he does.

Mother does not challenge the order denying counsel's motion to be relieved of his appointment, counsel is not a party and did not move to intervene in the dependency and neglect proceeding, and he is not a party on appeal.

■ A nonparty has standing to appeal an order of the trial court following entry of final judgment if it appears that the nonparty is substantially aggrieved by the order. *Bush v. Winker,* 907 P.2d 79 (Colo.1995); *Miller v. Clark,* 144 Colo. 431, 356 P.2d 965 (1960); *Roberts–Henry v. Richter,* 802 P.2d 1159 (Colo.App.1990).

To be substantially aggrieved, a nonparty must have been denied some claim of right or have been burdened with a substantial obligation. *Colo. Permanente Med. Group, P.C. v. Evans,* 926 P.2d 1218 (Colo.1996); *Bush v. Winker, supra; see also Bye v. Dist. Court,*

701 P.2d 56, 58 n. 10 (Colo.1985)(court-appointed attorneys substantially aggrieved by trial court's denial of requested attorney fees); *Tower v. Tower,* 147 Colo. 480, 364 P.2d 565 (1961)(attorney substantially aggrieved by trial court's determination that it lacked jurisdiction to award fees to which attorney was entitled); *Cary v. United of Omaha Life Ins. Co.,* 91 P.3d 425 (Colo.App. 2003) (although administrators of health insurance plan were not parties to the contract between the plan and the insureds, administrators had standing to appeal declaratory judgment regarding coverage because that determination directly affected insureds 'bad faith claims against administrators), *rev'd on other grounds,* 108 P.3d 288 (Colo.2005).

■ Here, mother's attorney is substantially aggrieved by the trial court's order because it requires him to provide legal services to mother at the state's approved hourly rate throughout the dependency and neglect proceedings. Accordingly, we conclude that he has standing to raise his claim in the context of this appeal, even though he is a nonparty and other procedural avenues may be available for him to pursue his claims. *See, e.g., Waters v. Dist. Court, supra* (court-appointed counsel filed petition for writ of mandamus compelling trial court to order payment of attorney fees and costs incurred in representation of indigent parent in dependency and neglect proceeding); *McCall v. Dist. Court,* 783 P.2d 1223 (Colo.1989)(Colorado State Public Defender filed original proceeding pursuant to C.A.R. 21 for review of trial court order denying attorney's motion to withdraw from representing criminal defendant in his appeal concerning postconviction claim that another public defender provided ineffective assistance at trial); *Anderson Calder & Lembke v. Dist. Court,* 629 P.2d 603 (Colo.1981)(attorneys sought writ of prohibition directing district court to grant them leave to withdraw from representation of defendant in pending criminal case); *see also DeLisio v. Alaska Superior Court,* 740 P.2d 437 (Alaska 1987)(attorney appealed order finding him in contempt after he refused court appointment to represent indigent criminal defendant without compensation); *Cunningham v. Superior Court,* 177 Cal.

App.3d 336, 222 Cal.Rptr. 854 (1986)(attorney appealed order holding him in contempt after he refused to comply with order to represent indigent defendant in paternity action); *State ex rel. Scott v. Roper*, 688 S.W.2d 757 (Mo.1985)(attorney brought action to prohibit court from appointing him to represent indigent prison inmate as plaintiff in medical malpractice action); *Jewell v. Maynard*, 181 W.Va. 571, 383 S.E.2d 536 (1989)(attorney brought an original action to prohibit court from appointing him to represent indigent criminal defendants without just compensation).

Therefore, counsel has standing to raise his claim.

### B.

■ Because the trial court did not make any factual findings or otherwise explain the reason for its determination, we have no basis for conducting a meaningful review of the ruling, and we cannot make factual findings of our own. For example, counsel indicated in his motion that he was previously under contract with the state to represent indigent respondent parents in dependency and neglect cases, but that he was no longer accepting such appointments. But nothing in the trial court's order or the record before us addresses whether counsel's contract with the state was still in effect when counsel decided not to accept further appointments and, if so, whether the contract permitted counsel to refuse to accept appointments or withdraw from the contract at any time.

Accordingly, we remand the case to the trial court with directions to reconsider counsel's motion and enter an order in which it makes factual findings and explains the basis for its ruling. *See People v. D.F.*, 933 P.2d 9 (Colo.1997)(when appellate review is hindered by the absence of factual findings as to key contested issues, or when unresolved evidentiary conflicts exist with regard to material facts, appellate court may remand for further fact finding by the trial court); *In re Marriage of Goodbinder*, 119 P.3d 584, 2005 WL 1530112 (Colo.App. No. 03CA2111, June 30, 2005)(same). In doing so, the court should consider counsel's legal arguments and determine the motion before taking further action concerning a dispositional order. However, counsel shall continue to represent mother in the proceeding pending determination of his motion.

The dispositional order is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge LOEB and Judge STERNBERG concur.