23CA2122 Parental Resp Conc VRM 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2122 Boulder County District Court No. 15DR30225 Honorable Andrew Hartman, Judge In re the Parental Responsibilities Concerning V.R.M., a Child, and Concerning Leor Tal Mason, Appellee, and Amanda Rose Rubino, Appellant. ORDER AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS Division A Opinion by JUDGE BERNARD* Román, C.J., and Richman*, J., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Law Office of Brock R. Wood, LLC, Brock R. Wood, Denver, Colorado, for Appellee Lou Rubino, Boulder, Colorado, for Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 A mother, Amanda Rose Rubino, appeals from the district court’s decision to adopt a magistrate’s order modifying parenting time and child support. We affirm in part, reverse in part, and remand for further proceedings. I. Background ¶ 2 Mother and Leor Tal Mason, whom we shall call “father,” have one child, V.R.M. When the child was one year old, the court entered permanent orders allocating parental responsibilities. Given the child’s youth, the permanent orders allocated most of the parenting time to mother, but they also provided father with a gradual increase in parenting time up to one overnight per week. ¶ 3 The court later modified the permanent orders to give father additional, stepped-up parenting time. As of July 2020, father’s regular parenting time consisted of four overnights with the child every fourteen days. Three years later, father asked the court for an equal allocation of parenting time, for revisions and clarifications to the parents’ holiday parenting time schedule, and for expanded vacation parenting time, including permission to travel internationally with the child. Father simultaneously asked the 
2 court to modify his child support obligation based on the additional parenting time that he sought. ¶ 4 Following a hearing, the magistrate granted most of father’s requests, implementing a new, stepped-up parenting time schedule, which awarded father additional overnights through the 2023-2024 school year and then transitioned the parties to an equal parenting time schedule beginning with the child’s 2024 summer break. The new parenting time order also provided a detailed schedule for holiday parenting time. It awarded each parent vacation parenting time, it provided that the parents could travel domestically with the child without receiving permission from the other parent, and it established parameters for when and where the child could travel internationally. ¶ 5 The magistrate also entered a new child support order, which reduced father’s child support obligation based on the new parenting time schedule. ¶ 6 After mother petitioned for review, the court adopted the magistrate’s order. 
3 II. Standard of Review ¶ 7 Our review of a district court’s order adopting a magistrate’s decision is effectively a second layer of appellate review. In re Marriage of Sheehan, 2022 COA 29, ¶ 22. We must accept the magistrate’s factual findings unless they are clearly erroneous, meaning that they have no support in the record. In re Marriage of Young, 2021 COA 96, ¶ 8. But we review de novo questions of law, including questions of statutory interpretation and whether the magistrate applied the correct legal standard. See Sheehan, ¶ 22; Young, ¶¶ 8-9. III. Child Support ¶ 8 Mother contends that the court erred when it adopted the magistrate’s finding that, to calculate father’s child support obligation, father earned $8,447 per month. We disagree. ¶ 9 Father’s most recent sworn financial statement indicated that he earned $8,447 per month as the self-employed owner of a jewelry business. Father testified that this figure was based on his 2022 tax returns, which he introduced as a supporting exhibit. ¶ 10 Mother’s counsel cross-examined father on profit and loss statements for his business from the first five months of 2023. 
4 They showed that he earned an average of $19,000 per month. Father explained that his business income varied significantly and that he did not believe it would be reasonable to use only a five-month period as indicative of his normal income. ¶ 11 As the fact finder, the magistrate was free to credit father’s testimony about his income. Because father’s testimony and tax returns buttressed the finding that father earned $8,447 per month, we conclude that there is support in the record for the magistrate’s finding. See In re Marriage of Amich, 192 P.3d 422, 424 (Colo. App. 2007) (The lower court “can believe all, part, or none of a witness’s testimony, even if uncontroverted, and its resolution of conflicting evidence is binding on review.”); cf. In re Marriage of Nelson, 2012 COA 205, ¶ 35 (Even where “there is evidence in the record that could have supported a different conclusion, we will not substitute our judgment for that of the district court.”). ¶ 12 Relying on alleged inconsistencies involving father’s business bank statements and differing tax rates, mother asserts that father’s 2022 income must have been significantly higher than $8,447 per month. But she never raised this issue with the 
5 magistrate or with the court. We therefore will not consider this assertion. In re Marriage of Ensminger, 209 P.3d 1163, 1167 (Colo. App. 2008) (“Arguments not presented at trial cannot be raised for the first time on appeal.”); see also C.R.M. 7(a)(7); People in Interest of K.L-P., 148 P.3d 402, 403 (Colo. App. 2006). IV. Modification of Parenting Time ¶ 13 We agree, however, with mother’s contention that the magistrate did not make sufficient findings under section 14-10-
124(1.5), C.R.S. 2023, to support of the order modifying parenting time, and, as a result, the court erred when it adopted that portion of the magistrate’s order. ¶ 14 A court has broad discretion when modifying an existing parenting time order. We will not reverse such an order unless the court abuses its discretion when entering it. See In re Marriage of Barker, 251 P.3d 591, 592 (Colo. App. 2010); see also In re Marriage of Hatton, 160 P.3d 326, 330 (Colo. App. 2007) (recognizing that an appellate court exercises every presumption in favor of upholding a court’s order modifying parenting time). ¶ 15 Under section 14–10–129(1)(a)(I), C.R.S. 2023, with certain exceptions that do not apply to this case, a court may modify a 
6 parenting time order if doing so is in the child’s best interests. In re Marriage of DePalma, 176 P.3d 829, 834 (Colo. App. 2007); see also § 14-10-124(1.5)(a) (describing the best interests factors that the court “shall consider” in determining parenting time); § 14-10-
123.4(1)(a), C.R.S. 2023 (children have the right to have parental responsibilities determined based upon their best interests). ¶ 16 Although a court is not required to make specific findings on all the statutory best interest factors, there must be some indication that the relevant factors were considered. See People in Interest of A.M.K., 68 P.3d 563, 565-66 (Colo. App. 2003). The court’s findings must be sufficiently explicit to give a reviewing court a clear understanding of the basis of its order. In re Marriage of Rozzi, 190 P.3d 815, 822 (Colo. App. 2008); see also In re Marriage of Garst, 955 P.2d 1056, 1058 (Colo. App. 1998) (“Factual findings are sufficient if they identify the evidence which the fact finder deemed persuasive and determinative of the issues raised.”). ¶ 17 In this case, the magistrate’s order modifying parenting time made no findings concerning the child’s best interests beyond a conclusory statement that a gradual, phased expansion of father’s parenting time was in the child’s best interests. Although the 
7 magistrate recited the best interests factors under section 14-10-
124(1.5)(a), she did not make any additional findings concerning those factors beyond the simple acknowledgment that they applied. Although the magistrate’s order was very detailed concerning the parameters of the new, stepped-up parenting time schedule, the order did not explain why the new parenting time orders were in the child’s best interests or even which statutory factors the magistrate found to be persuasive. See Rozzi, 190 P.3d at 822; Garst, 955 P.2d at 1058. ¶ 18 Father submits that the magistrate’s findings were adequate because the magistrate summarized the sworn testimony of each witness before concluding that an increase in father’s parenting time was in the child’s best interests. We disagree because the magistrate’s summary of the testimony does not indicate which witnesses the magistrate found to be credible and persuasive. The absence of credibility findings is problematic given that the witness summaries contained contradictory testimony as to the child’s best interests. For example, the magistrate acknowledged father’s testimony that he “has never experienced [V.R.M.] being reluctant to come to his home,” but also acknowledged mother’s testimony that 
8 “[V.R.M.] still has difficulty on the nights before she goes to her father’s home, including tears and anxiety.” It was the magistrate’s role, as the fact finder, to resolve such inconsistencies in the evidence. But that did not happen. See In re Marriage of Lewis, 66 P.3d 204, 207 (Colo. App. 2003) (“[C]redibility determinations and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom, are matters within the sole discretion of the trial court.”); In re Marriage of McNamara, 962 P.2d 330, 333-34 (Colo. App. 1998)(recognizing that it is the district court’s responsibility to resolve conflicting evidence as to the child’s best interests). ¶ 19 We decline father’s invitation to make our own credibility assessments and best interests findings based on his contention that the record otherwise supports the magistrate’s order. We are an appellate court, and we cannot evaluate credibility or find facts. See In re Marriage of Wollert, 2020 CO 47, ¶ 23 (recognizing that “[f]actfinding is the basic responsibility of district courts, rather than appellate courts” because a “cold record is a poor substitute for live testimony” (quoting Pullman-Standard v. Swint, 456 U.S. 
9 273, 291 (1982), and People v. Scott, 198 Colo. 371, 373, 600 P.2d 68, 69 (1979), respectively)). ¶ 20 Without adequate findings, we cannot determine whether the magistrate otherwise abused her discretion in granting father’s request to modify parenting time. We therefore reverse the order modifying parenting time, and we remand the case for reconsideration of the order and for additional factual findings and conclusions of law sufficient to support the order. See In re Marriage of Goodbinder, 119 P.3d 584, 587 (Colo. App. 2005) (requiring remand where district court did not include in its order any factual findings or legal conclusions that would enable appellate court to understand the basis of its order and, accordingly, whether the court abused its discretion). Because the magistrate’s order modifying parenting time was entered almost a year ago, the parents shall be given the opportunity to present additional evidence concerning the child’s circumstances as of the time of the proceedings on remand. See In re Parental Responsibilities Concerning M.W., 2012 COA 162, ¶ 27. ¶ 21 The current parenting time orders shall remain in effect pending the additional findings on remand. See id. And, if the 
10 court decides to modify parenting time, it may also prospectively modify child support, if warranted, consistently with section 14-10-
122(a), (b), C.R.S. 2023. V. Appellate Attorney Fees ¶ 22 Father asks us to grant his request for appellate attorney fees. But he did not accompany his request with legal and factual justification for such an award. See C.A.R. 39.1; In re Marriage of Schlundt, 2021 COA 58, ¶ 53. We therefore deny his request. VI. Disposition ¶ 23 The portions of the court’s order modifying father’s child support obligation are affirmed. The portions of the order modifying parenting time are reversed. The case is remanded for further proceedings concerning father’s request to modify parenting time that are consistent with this opinion. The portions of the order that were not challenged on appeal remain undisturbed. CHIEF JUDGE ROMÁN and JUDGE RICHMAN concur.