23CA1470 Marriage of Kirby 02-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1470
Arapahoe County District Court No. 21DR752
Honorable James X. Quinn, Magistrate

---

In re the Marriage of

Courtney Jean Williams,

Appellant,

and

Timothy Davis Kirby,

Appellee.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE KUHN
Harris and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

---

Jones Law Firm, P.C., David Ari Collins, Centennial, Colorado, for Appellant

Fuller & Ahern, P.C., Brian M. Close, Parker, Colorado, for Appellee

¶ 1     In this dissolution of marriage case between Courtney Jean Williams (wife) and Timothy Davis Kirby[1] (husband), wife appeals those portions of the permanent orders concerning the marital property division, spousal maintenance and child support, and attorney fee awards. We affirm in part, reverse in part, and remand for further proceedings.

## I.     Background

¶ 2     In April 2023, a magistrate dissolved the parties' marriage of fourteen years. At that time, the two children of the marriage were twelve and thirteen years old. Under the permanent orders, wife received a monthly award of $3,124 for maintenance and $387 for child support. In calculating these amounts, the district court imputed wife an income of "minimum wage at $2,366 per month" after determining that "[s]he [was] still able to work while pursuing her education" as a full-time student. Wife now appeals. *See*

---

[1] Wife's counsel filed a suggestion of death in this case indicating that husband had passed away in December 2024. We have not received a motion to substitute a personal representative as a party. *See* C.A.R. 43(a)(1). Further, it does not appear that husband's passing would moot this appeal. The district court on remand may conduct any appropriate proceedings in response to these events.

C.R.M. 7(b) (providing that when a magistrate's order is made by consent, the order is appealable "in the same manner as an order or judgment of a district court").

## II. Analysis

¶ 3     Wife contends that the district court erred by (1) not ordering that several cell phone numbers be released to her; (2) imputing her income while she is enrolled in school full time; (3) not awarding her retroactive support and maintenance; and (4) denying her request for attorney fees.  We address each in turn.

## A. Wife's Cell Phone

¶ 4     As an initial matter, wife contends that the court erred by not ordering that several cell phone numbers be removed from husband's account.  We disagree.

¶ 5     The day before the permanent orders hearing, wife attempted to remove her and one child's cell phone numbers from husband's account with husband's consent.  Wife testified at the hearing that the telephone carrier would not allow her to do so because husband's account was in arrears and had gone into collections.  She requested that the permanent orders grant her access to husband's account so she could remove the numbers.

¶ 6     On appeal, wife argues that the district court should have addressed this issue in the permanent orders.  Husband counters that wife should have included this issue in the joint trial management certificate and that by failing to do so, she did not preserve the issue for appeal.  We agree with husband in part.

¶ 7     As husband points out, the parties are required to identify for the court any disputed issues in the joint trial management certificate, which is to be filed at least seven days prior to the hearing.  C.R.C.P. 16.2(h)(2).  The court issued an order in advance of the hearing that specified, in bold uppercase type, that "it is imperative that each party state as clearly as possible his or her position on every unresolved issue the court will be asked to address" in the required joint trial management certificate.

¶ 8     But given the apparent timing of wife's discovery that she could not remove the numbers from husband's account, it appears that this issue could not have appeared in the joint trial management certificate, which had already been filed earlier as required by the rules and the court's order.  So we do not think that point is dispositive.

¶ 9    However, that fact does not absolve wife of her obligation to affirmatively bring the issue to the court's attention to seek a ruling. It's true that wife's counsel asked a question about what wife wanted regarding the phone numbers during her testimony. But wife didn't include this request in her closing argument, and she didn't inform the district court that she had additional requests she hadn't made in the joint trial management certificate. Nor did she file a subsequent motion asking the court to address the missed issue.

¶ 10   These failures are fatal to wife's issue on appeal. An issue not pursued in the district court *through disposition* is abandoned for the purposes of appeal. *See Brody v. Hellman*, 167 P.3d 192, 199 (Colo. App. 2007); *see also Herrera v. Anderson*, 736 P.2d 416, 418 (Colo. App. 1987) ("[I]t goes without saying that one who affirmatively seeks relief . . . must pursue his request to its disposition before he can complain."). We therefore decline to further address this issue.

## B. Imputed Income for Maintenance and Child Support

¶ 11 Wife next contends that the court erred by imputing her income for the purposes of calculating child support and maintenance while she is enrolled in school full time. We agree with wife and therefore reverse the court's order with regard to maintenance and child support.

### 1. Applicable Law and Standard of Review

¶ 12 In establishing child support and maintenance, the court must first determine each party's gross income or potential income, if a party is voluntarily unemployed or underemployed. *See* § 14-10-114(3)(a)(I)(A), (8)(a)(II), (8)(c)(IV), C.R.S. 2024; § 14-10-115(3)(c), (5)(b)(I), C.R.S. 2024. Under both the child support and maintenance statutes, a party shall not be deemed voluntarily unemployed or underemployed if the party "is enrolled in an educational program that is reasonably intended to result in a degree or certification within a reasonable period of time and that will result in a higher income, so long as the educational program is a good faith career choice." § 14-10-114(8)(c)(V)(C), *see* also § 14-10-115(5)(b)(III)(C) (same). Additionally, for child support

5

purposes only, the educational program must not be "intended to deprive the child of support [and] . . . unreasonably reduce the amount of child support available to a child."
§ 14-10-115(5)(b)(III)(C).

¶ 13 Furthermore, before a court may impute income to a parent who is voluntarily unemployed or underemployed, it must find that the parent has been shirking their child support obligation by unreasonably forgoing higher paying employment that they could obtain. *People v. Martinez*, 70 P.3d 474, 480 (Colo. 2003). Although the court in *Martinez* analyzed the imputation of potential income for determining child support under section 14-10-115, the same analysis applies when imputing income for determining maintenance under section 14-10-114. *In re Marriage of Young*, 2021 COA 96, ¶ 22 ("Though *Martinez* was a child support case, the analysis of voluntary underemployment is the same in a maintenance case." (quoting *In re Marriage of Wright*, 2020 COA 11, ¶ 21 n.3)). Either parent might forgo higher paying employment to manipulate a court-ordered support payment and, thus, be considered voluntarily underemployed, regardless of whether the parent is the obligor or obligee of the court order. *See In re*

*Marriage of Connerton*, 260 P.3d 62, 64, 66 (Colo. App. 2010) (imputing income to mother who was the obligee of child support order).

¶ 14     Whether the district court erred by imputing to wife a minimum wage income while she was still enrolled in school as a full-time student is a mixed question of law and fact. *See Young*, ¶ 21. We give deference to the court's findings of fact if they are supported by the record but review de novo its application of governing legal standards and legal conclusions. *In re Marriage of Garrett*, 2018 COA 154, ¶ 9; *see also Martinez*, 70 P.3d at 476.

### 2.     The Court Did Not Make Sufficient Findings to Enable Review of This Issue

¶ 15     Here, after determining that maintenance was warranted under section 14-10-114(3)(a), the court went on to make findings relevant to a determination that wife was not voluntarily unemployed or underemployed. In doing so, it did not cite to any law, let alone section 14-10-114(3)(a)(I)(A), (8)(a)(II), (8)(c)(IV), or section 14-10-115(3)(c), (5)(b)(I). It found that, while wife is "enrolled in an educational program, which is reasonably intended to result in a degree or certification within a reasonable period of

time, she is still able to work." And after summarizing the evidence suggesting she was not voluntarily unemployed or underemployed, the court nevertheless imputed wife an income of "minimum wage at $2,366 per month." The court addressed this imputed income amount by recounting the parents' "equal parenting schedule," the children's ages, the fact that wife — who, since the petition for dissolution was filed had been living with relatives — had no housing expenses, and that she had "historically both worked and raised children during the marriage."

¶ 16    The court's decision to impute income to wife without additional findings was erroneous. First, the court did not determine whether wife's decision to return to school was in good faith. §§ 14-10-114(8)(c)(V)(C), 14-10-115(5)(b)(III)(C). The record indicates that husband took inconsistent positions regarding whether wife's decision to enroll in school was in good faith. Although the joint trial management certificate indicates that husband thought wife acted in bad faith, during the permanent orders hearing husband testified that he had supported wife's decision to return to school. The court made no findings on this point.

¶ 17     Second, the court did not make a finding that wife was "voluntarily" unemployed or underemployed.  *See* §§ 14-10-114(8)(c)(IV), 14-10-115(5)(b)(I).  Whether a parent is voluntarily unemployed or underemployed "requires the trial court to make factual findings and apply a legal standard to those findings."  *Martinez*, 70 P.3d at 476-77.  To the extent husband contends that wife admitted to being voluntarily unemployed, the record belies this claim.  Wife testified that, during the marriage after the birth of the children, she was "voluntarily unemployed" because she was "a stay-at-home mom."  But this status had changed by the time of the permanent orders hearing, when wife presented evidence of her enrollment as a full-time student.

¶ 18     Finally, the court did not make a finding that wife had been shirking her child support obligation or manipulating her maintenance amount by unreasonably forgoing higher paying employment.  *See id.* at 475.

¶ 19     Because the court provided few factual findings and no legal conclusions regarding the voluntariness of wife's unemployment in light of her full-time school enrollment, we cannot properly review the court's order with regard to maintenance and child support.

9

*See People in Interest of J.L.*, 121 P.3d 315, 318 (Colo. App. 2005). We therefore reverse as to this issue.

## C.    Retroactive Support

¶ 20    Wife also contends that the court abused its discretion when it ordered that she receive "no retroactive support." She argues that husband owes her retroactive maintenance and child support in an amount exceeding the $2,000 he paid her each of the fifteen months between the filing of the petition and the permanent orders hearing. With regard to retroactive maintenance, she asserts that no evidence in the record supports the court's denial of her request. Indeed, wife points out that she and husband both testified that retroactive maintenance — beyond husband's voluntary payments — should be paid. And she argues that the court made no findings specifically related to retroactive payment of child support.

¶ 21    The court denied wife's request for "retroactive support" in part because she had not made a request for retroactive maintenance in the joint trial management certificate. While the court did not explain its decision further, other divisions of this court have concluded that a party in a divorce proceeding waives an

10

issue that is not included in the trial management certificate.  *See*

*In re Marriage of Ebel,* 116 P.3d 1254, 1255 (Colo App. 2005).

¶ 22     We need not decide whether the court properly denied wife's request for retroactive support given that we are reversing the court's underlying order regarding maintenance and child support. On remand, the court will have to revisit wife's entitlement to, and the amount of, maintenance and child support.  Wife can raise any claim for retroactive maintenance in connection with those proceedings on remand.

¶ 23     Likewise, the court made no findings regarding wife's request for retroactive child support.  If the court determines on remand that retroactive child support is warranted, then it should recalculate the amount in consideration of its determination regarding mother's imputed income.

### D.    Attorney Fees

¶ 24     Wife argues that the court erred when it denied her request for an award of attorney fees under section 14-10-119, C.R.S. 2024. We disagree.

¶ 25     Section 14-10-119 empowers the district court to equitably apportion costs and fees between parties in dissolution and post-

dissolution matters based on their relative ability to pay. *In re Marriage of Gutfreund*, 148 P.3d 136, 141 (Colo. 2006). The court apportions fees based upon relative economic circumstances to equalize the parties' status and ensure that neither suffers undue economic hardship from the proceedings. *In re Marriage of de Koning*, 2016 CO 2, ¶ 23; *In re Marriage of Aldrich*, 945 P.2d 1370, 1377 (Colo. 1997). A court exercises its power to apportion fees when it orders the parties to pay their own fees. *See In re Marriage of Rodrick*, 176 P.3d 806, 816 (Colo. App. 2007); *In re Marriage of Nichols*, 553 P.2d 77, 78-79 (Colo. App. 1976). The court has broad discretion in deciding whether to award fees under section 14-10-119, and we won't disturb its decision absent an abuse of that discretion. *In re Marriage of Aragon*, 2019 COA 76, ¶ 8.

¶ 26 Here, the magistrate found, "considering the financial resources of the parties," the amount of each party's attorney fees incurred and owed, and the monthly payments husband had made to wife since the petition was filed, "that it is equitable for both parties to assume their respective attorney[] fees and costs." Because the court explicitly considered the parties' financial resources, in light of section 14-10-119's equitable purpose, we

cannot say that the court abused its discretion when it denied wife's request for an award of attorney fees. *See de Koning*, ¶ 23. We therefore perceive no basis for reversal, *see Aragon*, ¶ 8, though wife may be able to raise a new claim for fees depending on what happens on remand, *see* § 14-10-119.

## III. Disposition

¶ 27 The judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

JUDGE HARRIS and JUDGE YUN concur.