24CA1879 Marriage of Graham 02-19-2026

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 24CA1879
City and County of Denver District Court No. 22DR30410
Honorable Andrew P. McCallin, Judge

_____

In re the Marriage of

Tera Nyberg,

Appellant,

and

Miles Graham,

Appellee.

_____

APPEAL DISMISSED IN PART, ORDER AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

_____

Suazo Law LLC, G. Aaron Suazo, Littleton, Colorado, for Appellant

Miles Graham, Pro Se

Sherr Puttmann Akins Lamb PC, Courtney R. McConomy, Denver, Colorado;
The W Law, Jon Erie Stuebner, Denver, Colorado for Amicus Curie Family Law
Section of the Colorado Bar Association

Cooper Ramp Cage Bucar Lewis, LLC, Patricia A. Cooper, Denver, Colorado;
Taft Stettinus & Hollister LLP, Jordan M. Fox, Denver, Colorado, for Amicus
Curie Colorado Chapter of the American Academy of Matrimonial Lawyers

¶ 1    In this divorce case involving Tera Nyberg (mother) and Miles Graham (father), mother initially appealed the district court's permanent orders concerning parenting time and attorney fees. While the appeal was pending, the district court entered a new parenting time order that did not include the provisions mother challenged on appeal. (A district court has jurisdiction to modify a parenting time order even if the original parenting time order is under appeal. § 14-10-129(1)(a)(I), C.R.S. 2025). In supplemental briefing after the entry of the new order, mother concedes that her challenges to the original parenting time order are moot. Thus, we dismiss the appeal as to those challenges and address only her challenge regarding the district court's order on attorney fees. As to that portion of the order, we affirm. However, we remand the matter to the district court to address her request for appellate attorney fees under section 14-10-119, C.R.S. 2025.

I.    Background

¶ 2    On June 23, 2023, after a permanent orders hearing, the district court entered a decree dissolving the marriage. The court also entered permanent orders dividing the marital estate, awarding mother spousal maintenance, establishing father's child support

1

obligation, and denying mother's request for attorney fees under section 14-10-119. Because there were unresolved allegations that would potentially impact the district court's allocation of parental responsibilities (APR), the court postponed that decision and implemented a temporary parenting time plan for father.

¶ 3 The court appointed a child and family investigator (CFI) to investigate those outstanding allegations, allocating the costs equally between mother and father. During this investigation, the CFI had both parties undergo a psychological evaluation.

¶ 4 Before the continued hearing in April 2024, the parties filed a joint trial management certificate in which mother asked the court to order father to pay "a fair and equitable portion of her attorney fees and costs," as well as all the costs related to the CFI, including her psychological evaluation.

¶ 5 The court entered an APR in September 2024. The court did not explicitly refer to mother's request for attorney fees in the APR.

¶ 6 Mother appeals, contending that the district court failed to rule on her fees request.

## II.  Analysis

¶ 7      The APR provides that it "supersedes the permanent orders issued on June 21, 2023 only concerning APR issues.  *All other terms of the June 21, 2023 permanent order remain the same* and are enforceable."  (Emphasis added.)  In the June 21, 2023, order, the district court rejected mother's request for an award of attorney fees under section 14-10-119 because mother had "not established an equitable basis for an award of fees."

¶ 8      We read the district court's reference to the June 21, 2023, order as reiterating that finding.  And there is record support for it.  *See In re Marriage of de Koning*, 2016 CO 2, ¶ 17 (noting that we review for clear error a district court's factual findings related to an award of fees).

¶ 9      Mother testified that her income is $400 per month.  This amount is substantially lower than the income the district court imputed to mother at the time of the original permanent orders.  Mother also acknowledged that she receives $5,600 per month in maintenance and child support through a garnishment of father's wages.  While this amount is less than the amount father is required to pay under the permanent orders, father testified that it

constitutes nearly sixty percent of his take-home pay. He further testified that he cannot afford to hire counsel for himself. Although there was evidence that would support a different conclusion, it is not for us to supplant the district court's resolution of conflicting evidence. *See In re Marriage of Bowles*, 916 P.2d 615, 617 (Colo. App. 1995).

¶ 10 Moreover, during the continued hearing, mother's counsel asked mother why she was asking the court to order father to pay a portion of her fees. Her answer focused entirely on her view that she had attempted to avoid litigation and father had not. The purpose of an award of fees under section 14-10-119 is to equalize the parties' financial positions, not to punish a party. *In re Marriage of Anthony-Guillar*, 207 P.3d 934, 944-45 (Colo. App. 2009).

¶ 11 Reviewing the court's decision for an abuse of discretion, *see In re Marriage of Rodrick*, 176 P.3d 806, 815-16 (Colo. App. 2007), we cannot say, under these circumstances, that the district court abused its discretion by denying mother's request for an award of attorney fees under section 14-10-119. For the same reasons, the court did not abuse its discretion by not revisiting the allocation of

4

financial responsibility for the CFI's fees, including the psychological evaluation.

## III. Appellate Attorney Fees

¶ 12    Finally, mother requests an award of her appellate fees under section 14-10-119.  We are mindful that the district court has twice found that there is no equitable basis for such an award.  Nevertheless, such a request must be considered in light of the parties' *current* financial circumstances, *see In re Marriage of Bochner*, 2023 COA 63, ¶ 22, about which we have no information.  Thus, because the district court is better equipped to determine the factual issues regarding those resources, we remand the issue to the district court.  *See id.*

## IV. Disposition

¶ 13    The appeal is dismissed in part.  The order is otherwise affirmed.  The matter is remanded to the district court to consider mother's request for appellate attorney fees under section 14-10-119.

JUDGE YUN and JUDGE SULLIVAN concur.